PRO YO STY, J.
This appeal embraces 23 consolidated suits. The plaintiffs in these several suits stand in the same category. They are insurance companies of other states and of foreign countries doing business in this state through local agents. They were assessed in the years 1906, 1907, and 1908 for money in possession, credits, and onen accounts. and are suing to have the assessments canceled as illegal and null; or, in the alternative, reduced, as excessive. The manner in which they conduct their business in this state is the same as was that of the plaintiff in National Fire Insurance Co. v. Board of Assessors, 121 La. 108, 46 South. 117, 126 Am. St. Rep. 313, and the nullity of the assessments is claimed on precisely the same grounds as in that case, namely, that as a matter of fact the plaintiffs have no money in possession, and that the credits or open accounts in question have no situs in this state, and therefore are not taxable in this state.
Since that decision and others in the same sense, namely, Insurance Co. v. Board, 121 La. 1068, 47 South. 27, General Electric Co. v. Board, 121 La. 116, 46 South. 122, and U. S. Fidelity & Guarantee Co. v. Board, 122 La. 139, 47 South. 442, etc., were rendered, the Legislature has passed Act No. 170, p. 230, of 1908, which reads:
“Mortgage notes and indebtedness and all evidence of indebtedness shall be taxable only at the situs and domicile of the holder or owner thereof.”
By this act, say counsel, the Legislature has put upon the revenue law a different interpretation from that adopted by the court in said cases.
Sometimes language is so plain that even legislative omnipotence cannot construe it into a different meaning from that which it plainly expresses; and that is the case with the provision of law which the court is here asked to interpret differently from what has been done heretofore. The provision is so plain as not to leave room for interpretation. The above quoted statute is a modification, .not an interpretation, of the revenue law; and nothing in it indicates an intention that it should have a retroactive effect.
In so far as the suits are for reduction of the assessments, the defendant opposes to them section 26 of the revenue law (Acts 1898, p. 360, No. 170), which reads:
“But the action to test such correctness shall be instituted on or before the first day of November of the year in which the assessment is made.”
The suits were filed in August, 1908. The assessments of 1906 and 1907 are barred therefore by said statute, unless the reason assigned by plaintiffs why said statute should not have application is .valid.
It is that there was a tacit understanding between the tax officers of the state and plaintiffs, by which the officers, on the one hand, should do nothing towards the enforcement of the taxes under said assessments, and the plaintiffs, on the other hand, should take no steps to annul or reduce said assessments until the case of Liverpool, London & Globe Ins. Co. v. Board of Assessors, 122 La. 98, 47 South. 415, involving the same issue, and then pending, should have been decided. For proof of there having been such an understanding, the plaintiffs show that, when they applied to the board of assessors for a reduction of the assessments of 1907 and 1908, they were told that as the result of the said pending suit said assessments might be found to be null, and that, therefore, until *875 said suit should have been decided, it would be waste of time and labor to consider the question of their reduction. Plaintiffs show further that no steps were taken by the tax officers to exact payment of the taxes under said assessments.
Counsel for the defendants deny that there was any such understanding, and the fact that the assessors went on and made an assessment for 1908 would go towards supporting that theory. But would an understanding of that kind amount to anything even if there was one? Have the assessors and the tax collectors, together or separately, any authority to stay the operation of the tax laws of the state by agreement with tax debtors? The Constitution denies that power even to the Legislature. As to the assessor’s want of authority in such a case, see Railway Company v. Davis, 50 La. Ann. 1058, 23 South. 946.
The assessments are grossly excessive. So much so that it is manifest they were the result of mere guesswork; as, indeed, is testified to by the one member of the board of assessors. More than this, the Board of Assessors was furnished by the plaintiffs with a correct return for the years 1907 and 1908. But the suit for the reduction of the assessments of 1906 and 1907 is barred by the said statute. As to them, the court is powerless to grant relief. A plain and positive provision of law cannot be disregarded even for the purpose of correcting gross injustice. See to that effect, Larkin v. Portsmouth, 59 N. H. 26; Dees v. Moss Point Baptist Church (Miss.) 17 South. 1. See, also, Town of Farmington v. Downing, 67 N. H. 441, 30 Atl. 345. The returns made by plaintiffs for 1908 were correct; and the assessments for that year will have to be reduced accordingly.
The contention of the plaintiff’s learned counsel that assessments so grossly excessive as those here in .question — six times as large as they ought to be — are abolutely null, in that they are not the result of an exercise of judgment on the part of the assessors, as the law requires that an assessment should be, but merely of guesswork or caprice.
We cannot adopt that view. Such as the assessments are, they are assessments. They were intended to be such, and are such in fact. They are not annullable in toto.
The judgment appealed -from is therefore affirmed in all' particulars, except that it is annulled in so far as it reduces the assessment of the year 1906 on “credits, bills receivable,” etc., and it is now ordered, adjudged, and decreed that the suits of the plaintiffs are dismissed with costs and 10 per cent, penalty on state taxes, also as to said assessment of 1906, and that plaintiffs pay the costs of this appeal.
BREAUX, O. J., and MONROE, J., dissent.
Removed to Supreme Court of United States by writ of error, with supersedeas.