January 23, 1911.

———————o———————

5141.

(Court of Appeal, Parish of Orleans).

## JOHN FITZPATRICK, TAX COLLECTOR, vs. WILLIAM P. RICHARDSON.

1. Actions to test the correctness of assessments as to valuation, must be instituted before November 1st, of the year in which the assessment is made.

2. Where there is in fact property on which to base an assessment the fact that it is grossly overvalued does not render the assessment null, so as to entitle the tax payer to seek relief on that ground.

Appeal from the Civil District Court, Division "B."

H. P. Sneed, for plaintiff and appellant.

McCloskey & Benedict, for defendant and appellee.

ST. PAUL, J.—This is a rule taken by plaintiff to compel defendant to produce property sufficient to respond for the State tax of 1909 on $50,000, of money on deposit and outstanding credits assessed to him for that year.

The evidence shows that defendant had not during the year of 1909 money on deposit and outstanding credits to the amount of $50,000; but it also shows that there were some outstanding credits, the property of defendant although pledged to certain bankers; that defendant was aware that these credits would be assessed against him and would be valued at $50,000; that defendant had ample opportunity to take proper steps, and in due season, to have this valuation reduced, but did not do so.

It is now too late to seek relief, under Section 26 of Act 170 of 1898, actions to test the correctness of assessments as to valuation, must be instituted before November 1st, of the year in which the assessment is made.

And where there is in fact property on which to base an assessment, the fact that it is grossly over-valued does not render the assessment null, so as to entitle the tax-payer to seek relief on that ground.

Orient Insurance Co. vs. Board of Assessors, 124 La. 872.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that there be judgment in favor of the plaintiff, John Fitzpatrick, State Tax Collector, and against the defendant, Wm. P. Richardson, condemning said defendant to deliver to said Tax Collector the personal property assessed to him as hereinbefore said, or so much thereof as may be necessary to realize at public sale the amount of taxes due thereon for the year 1909, with interest, costs and penalties as provided by law, and ten per centum on the whole, as attorney's fees, said defendant to pay costs of both courts.