KNOLL, Justice.
 
 *
 

 | iThis tax case presents the question of whether our district courts have original subject matter jurisdiction over a tax recipient’s challenge to the Louisiana Tax Commission’s (“LTC”) assessment of public service property. The tax recipient plaintiff, Clyde A. “Rock” Gisclair, as tax assessor for the parish of St. Charles, filed a petition seeking review of the LTC’s 2007 tax assessment and valuation contained therein of public service properties belonging to Entergy Louisiana, Inc. En-tergy Louisiana, LLC, and Entergy Louisiana Properties, LLC (“Entergy”). In response, defendants, Entergy and the LTC, filed declinatory exceptions of lack of subject matter jurisdiction.
 
 [1]
 
 The district
 
 *1134
 
 court granted the exceptions, which ruling the court |2of appeal reversed on appeal. We granted writs to review the correctness
 
 vel non
 
 of the appellate court’s judgment.
 
 Gisclair v. Louisiana Tax Commission,
 
 09-07, 09-08 (La.3/6/09), 2 So.3d 433. For the following reasons, we find in accord with over a hundred years of this Court’s jurisprudence that plaintiffs petition sets forth a challenge to the correctness of the tax assessment over which district courts do not have original subject matter jurisdiction. Accordingly, we reinstate the district court’s ruling on the dec-linatory exceptions of lack of subject matter jurisdiction, dismissing plaintiffs suit with prejudice.
 

 FACTS AND PROCEDURAL HISTORY
 

 Entergy owns public service properties throughout the state of Louisiana, including property located in St. Charles Parish. Pursuant to La. Const, art. VII. § 18(D) and La.Rev.Stat. § 47:1854, the LTC, in its August 16, 2007 assessment, centrally valued and assessed all Entergy properties in Louisiana as of January 1.2007, and then allocated that value among the various parishes in which the properties are located.
 
 [2]
 
 Entergy paid its ad valorem taxes without protest.
 

 |sOn September 12, 2007, plaintiff filed a “Petition/Administrative Appeal from Decision of the Louisiana Tax Commission” in the Nineteenth Judicial District Court, challenging Entergy’s assessment by the LTC. Specifically, the petition alleged in relevant part that the LTC erred in the following respects:
 

 1. The Commission made the following errors in valuing Entergy under the “Cost Approach”:
 

 a. The Commission allowed an incorrect and excessive deduction of for decommissioning costs.
 

 b. The Commission improperly allowed a deduction from cost as an “income shortfall”. The correct amount should be zero.
 

 c. The Commission granted both exemption deductions and depreciation deductions on the same properties, effectively allowing the depreciation to be deducted twice on the same assets.
 

 2. The Commission made the following errors in valuing Entergy under the “Income Approach”:
 

 a. The Commission utilized an excessively high capitalization rate (or “cap rate”).
 

 b. The Commission allowed deductions for both depreciation and tax exemptions on the same assets, which allowed the same deduction to be taken twice.
 

 c. The Commission allowed a deduction for nuclear plant decommissioning costs.
 

 3. The Commission improperly subtracted various exemptions at a “depreciated” cost (or net book value) from the system value of Entergy. The exemp
 
 *1135
 
 tions should have been applied to the specific properties that are exempt, thereby excluding the fair market value of the exempted property. As an alternative, the exemptions should first have been revalued in order to reflect the system value based fair market value of each exempted property at January 1, 2007 and only then subtracted (at their system valued amount).
 

 4. The Commission allocated too little of Entergy’s system value to St. Charles Parish.
 

 |,i5. The Commission, upon information and belief, made additional errors in its 2007 valuation of Entergy, which Gis-clair anticipates developing and identifying through discovery.
 

 In conclusion, plaintiff prayed, in pertinent part:
 

 1. That the defendants ... be cited and served, and that after due proceedings are had, there be judgment in favor of [plaintiff] and against the defendants ordering that:
 

 a. The decision of the [LTC] be overturned; and
 

 b. The assets of Entergy be valued and assessed and all exemptions applied in the manner requested by [plaintiff].
 

 c. The exemptions from ad valorem tax of Entergy be correctly determined and applied.
 

 d. The share of Entergy’s system value allocable to St. Charles Parish be properly determined.
 

 e. [Plaintiff] be granted any further relief to which he may be entitled by law.
 

 Both Entergy and the LTC responded to the petition by filing declinatory exceptions of lack of subject matter jurisdiction, arguing the court had no authority to review a challenge to the correctness of the LTC’s determination. The district court in separate judgments granted the declina-tory exceptions of lack of subject matter jurisdiction, finding the court did not have jurisdiction to review this matter. The First Circuit Court of Appeal reversed, concluding that the allegations of plaintiffs petition presented a legality challenge reviewable by the district court because those allegations challenged the legality of the criteria, methods, and practices employed by the LTC in its valuation of Entergy’s properties.
 
 Gisclair v. Louisiana Tax Commission,
 
 08-1616 (La.App. 1 Cir. 10/3 1/08), 994 So.2d 154(unpublished).
 

 The resolution of the issue of jurisdiction presently before us, therefore, centers upon whether plaintiffs petition seeks to challenge the correctness or the legality of the LTC’s tax assessment. To resolve this issue, we turn now to a discussion of our jurisprudence governing the classification of challenges to property tax assessments.
 

 LAW AND DISCUSSION
 

 | ^Louisiana constitutional and statutory law formulates a two-track procedure that must be adhered to in challenging property tax assessments.
 
 Triangle Marine, Inc. v. Savoie,
 
 95-2873, p. 3 (La.10/15/96), 681 So.2d 937, 939. One track encompasses challenges to the “correctness of assessments” by the assessor, while the other track covers challenges to the legality of the tax levied.
 
 Id.
 
 Accordingly, under our jurisprudence, challenges to ad valorem property tax assessments are categorized either as challenges to the “correctness of assessments” or challenges to the “legality of assessments.”
 
 ANR Pipeline Co. v. Louisiana Tax Com’n,
 
 02-1479, p. 5 (La.7/2/03), 851 So.2d 1145, 1148-49. The nature of the challenge dictates the body in which our constitution grants jurisdiction to hear and resolve these disputes.
 

 
 *1136
 
 For assessment correctness challenges, La. Const, art. VII, § 18(E) instructs:
 

 Review. The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.
 

 Under this provision, courts in correctness challenges are merely granted appellate jurisdiction.
 
 ANR Pipeline,
 
 02-4179 at p. 6, 851 So.2d at 1149;
 
 Triangle Marine,
 
 95-2873 at p. 4, 681 So.2d at 939. However, pursuant to La. Const, art. VII, § 3 and the provisions of La.Rev.Stat. §§ 47:1856(G) & 2110,
 
 [3]
 
 legality challenges may be filed directly in the district court.
 
 ANR Pipeline,
 
 02-1479 at p. 5, 851 So.2d at 1149:
 
 Triangle Marine,
 
 95-2873 at p. 4, 681 So.2d at 939.
 

 Moreover, because public service properties are centrally assessed by the LTC, not local assessors, in accordance with La. Const, art. VII, § 18(D) and La. Rev.Stat. § 47:1854,
 
 [4]
 
 the LTC issues both the initial determination of assessed valuation and previews that initial determination.
 
 ANR Pipeline,
 
 02-1479 at p. 2, n. 3, 851 So.2d at 1146, n. 3; La.Rev.Stat. § 47:1856. Therefore, in this case, the LTC has original jurisdiction over correctness challenges, while the district court has original jurisdiction over legality challenges.
 

 The distinction between correctness and legality challenges has long been defined by this Court. In
 
 Morgan’s Louisiana & T.R. & S.S. Co. v. Pecot,
 
 50 La. Ann. 737, 742-43, 23 So. 948, 950-51 (1898), this Court reasoned that correctness challenges are directed at issues of regularity or correctness of the assessment, such as over-valuation and misdescription, while legality challenges are directed at issues involving claims that the assessment is void for radical defects that bring into question the existence of any valid assessment. We stated:
 

 A distinction is to be drawn between suits to correct an assessment, and suits which go to the inherent validity of an assessment, and to the legality of the tax based thereon. In the first class are to be put those suits in which an assessment is complained of, and attacked for over-valuation and misdescription of the property listed, involving merely the regularity or correctness of the assessment. In the second class are to be enumerated those actions attacking an assessment as void on account of radical defects, and drawing into question, not the correctness merely of an assessment, but the existence itself of any valid assessment. In the first class of cases the attack, if successful, results not in destroying, but in reducing or correcting, the assessment, whereas in the second class of cases the radical defects made the basis of attack, if found to exist, render the assessment null. It follows that in suits coming within the second class of cases there is involved, not only the legality of the taxes based on the assessment attacked, but the right to collect any taxes at all predicated on the illegal or void assessment, for the existence of a valid assessment is essential to the collection of taxes.
 

 Id.
 

 Through the years, this Court has reaffirmed this distinction and further clarified its holding that any challenge that seeks to correct a value, no matter how erroneous
 
 *1137
 
 that value may allegedly be, but does not seek to annul the assessment in toto, is a correctness challenge under the law. As to this proposition, in
 
 Orient Ins.
 
 Co.
 
 v. Board of Assessors,
 
 124 La. 872, 875-76, 50 So. 778, 780 (1909). a case in which we discussed the plaintiffs’ challenge to grossly excessive assessments, we stated:
 

 The assessments are grossly excessive. So much so that it is manifest they were the result of mere guesswork; as, indeed, is testified to by the one member of the board of assessors. More than this, the Board of Assessors was furnished by the plaintiffs with a correct return for the years 1907 and 1908. But the suit for the reduction of the assessments of 1906 and 1907 is barred by the said statute. As to them, the court is powerless to grant relief. A plain and positive provision of law cannot be disregarded even for the purpose of correcting gross injustice. See to that effect,
 
 Larkin v. Portsmouth,
 
 59 N.H. 26;
 
 Dees v. Moss Point Baptist Church
 
 (Miss.[1895]) 17 South. 1.
 
 See, also, Town of Farmington v. Downing,
 
 67 N.H. 441, 30 Atl. 345 [(1893)]. The returns made by plaintiffs for 1908 were correct; and the assessments for that year will have to be reduced accordingly.
 

 The contention of the plaintiffs learned counsel that assessments so grossly excessive as those here in question — six times as large as they ought to be — are abolutely [sic] null, in that they are not the result of an exercise of judgment on the part of the assessors, as the law requires that an assessment should be, but merely of guesswork or caprice.
 

 We cannot adopt that view. Such as the assessments are, they are assessments. They were intended to be such, and are such in fact. They are not annullable in toto.
 

 Likewise, any challenge that seeks to correct some aspect of the assessment is a correctness challenge if that challenge does not seek to annul the assessment in toto. as explained in
 
 Soniat v. Board of State Affairs,
 
 146 La. 450, 456-57, 83 So. 760, 762 (1919):
 

 Where there is an alleged assessment of property that is exempt by law from taxation, or is not within the territorial jurisdiction of the assessor, or where the assessment has not been made by the assessor, or has not been completed, and in other like cases, the limitation of time within which an action may be brought for its correction is inapplicable, and an action in nullity may be brought, without regard to such limitation; since such alleged assessment is not an assessment within the contemplation of the law, is not, and can never become, the basis for the levy of a valid tax, and may be annulled and canceled from the records, as may any other unwarranted incum-brancefencumbrance] upon a title. But, where officers charged with that duty have made and completed an assessment for the taxation of property which is subject to taxation and within their jurisdiction, there results an assessment which is presumed to be valid, unless and until, in a proceeding authorized by law and brought within |sthe time and under the conditions prescribed by law, it be shown to fall below or to exceed some definite and determined limitation of valuation which the law has established; in which event, though it is not open to attack, in an action of nullity, as having no legal existence, it is open to correction, by an increase or reduction in the valuation, through the action above mentioned.
 

 Although the procedures for asserting correctness and legality challenges may have changed over the years,
 
 [5]
 
 we acknowl
 
 *1138
 
 edged in
 
 Triangle Marine
 
 that these principles remain viable in distinguishing the dichotomy at issue and that these cases along with the Legislature’s usage “illustrate that ‘correctness of assessment’ is a term of art, referring to the right of the taxpayer to seek adjustments to the valuation of taxable property.”
 
 Triangle Marine,
 
 95-2873 at p. 5, 681 So.2d at 940. In that case, we further expounded upon the logic behind this dichotomy, stating that “[cjlaims challenging the correctness of an assessment should go to the forum more suited to hear them, and only if the party is still aggrieved by the governing authority, need it seek a judicial remedy.”
 
 Id.
 
 at p. 6, 681 So.2d at 941 (quoting
 
 Abraham v. Carter,
 
 580 So.2d 485, 488 (La.App. 4th Cir.1991)). In
 
 Triangle Marine,
 
 we expanded upon the concept of legality challenges to include not only those challenges to the validity of the ad valorem tax itself as discussed above, but also to the constitutionality of the administration of the tax.
 
 Id.
 
 at pp. 6-7, 681 So.2d at 941.
 

 Even more recently in
 
 ANR Pipeline,
 
 this Court once again reaffirmed the distinction between assessment challenges as expanded by
 
 Triangle Marine
 
 and acknowledged that this distinction applies to the valuation and assessment of public service property.
 
 ANR Pipeline,
 
 02-1479 at pp. 5-6, 851 So.2d at 1148-49. Further 1 extending our holding in
 
 Triangle Marine,
 
 we also held in
 
 ANR Pipeline
 
 that claims challenging the constitutionality of tax provisions constitute legality challenges over which the district courts exercise original jurisdiction.
 
 [6]
 

 Id.
 
 at p. 9, 851 So.2d at 1151.
 

 The question for this Court thus becomes whether plaintiffs petition seeks to challenge the correctness of the assessment at issue or the legality of it. We look to the petition itself to determine in light of this long-standing jurisprudence into which category plaintiffs challenge falls.
 

 After careful study of the petition, we agree with the district court and defendants that plaintiff seeks review of the correctness of the LTC’s assessment. Plaintiff expressly and repeatedly states he is challenging the
 
 value
 
 placed on En-tergy’s properties by the LTC, that he challenges the method the LTC used to arrive at
 
 value,
 
 and that his prayer is for the courts to correct that
 
 value.
 
 Consequently, plaintiff seeks to correct the
 
 value
 
 the LTC placed on Entergy’s taxable properties, to correct the
 
 value
 
 the LTC placed on Entergy’s tax
 
 exempt
 
 properties, and to increase the percentage of the
 
 value
 
 allocated to St. Charles Parish.
 

 Significantly, the assessment itself is complained of and attacked for undervaluation. The challenge does not seek to draw into question the existence of any valid assessment or the constitutionality of the tax provisions or LTC’s administration of the provisions. Rather, according to the allegations of the petition, a valid assessment does exist which can be calculated with a proper application of valuation methodology, techniques, and criteria; the
 
 *1139
 
 LTC just rendered the wrong assessment by a misapplication of the various approaches for determining value and | intaxable value. Clearly, plaintiff does not seek to attack the assessment as having no legal existence; he simply seeks to adjust the assessment by an increase in valuation.
 
 See Triangle Marine,
 
 95-2873 at p. 5, 681 So.2d at 940;
 
 Soniat,
 
 146 La. at 457, 83 So. at 762. Any claim that leaves the assessment intact, but seeks to have the valuation adjusted, is a correctness challenge.
 
 See Triangle Marine,
 
 95-2873 at p. 5. 681 So.2d at 940;
 
 Soniat,
 
 146 La. at 457, 83 So. at 762;
 
 Orient,
 
 124 La. at 876, 50 So. at 780;
 
 Morgan’s Louisiana,
 
 50 La. Ann. at 742-43, 23 So. at 951.
 

 Moreover, despite the appellate court’s holding to the contrary, the fact that the valuation challenged in this case was premised on an allegedly erroneous application of methodology as well as flawed criteria does not turn this challenge into a legality challenge.
 
 See Orient,
 
 124 La. at 875-76, 50 So. 780. To be a legality challenge, plaintiff must seek to void the assessment in toto, contesting the validity
 
 of
 
 the ad valorem tax itself, or challenge the constitutionality of the tax provisions or administration of the tax provisions.
 
 See id.: ANR Pipeline,
 
 02-1479 at pp. 5-6, 851 So.2d at 1149;
 
 Triangle Marine,
 
 95-2873 at pp. 6-7, 681 So.2d at 941;
 
 Morgan’s Louisiana,
 
 50 La. Ann. at 743, 23 So. 950.
 

 Simply stated, the petition does not seek to void the assessment, contest the validity of the ad valorem tax itself, challenge the constitutionality of the assessment, allege the assessment is beyond the LTC’s statutory authority, or that LTC’s valuation methodologies or techniques are unconstitutional.
 
 Contra ANR Pipeline,
 
 02-1479 at 9-10, 851 So.2d 1151 (challenging the constitutionality of tax provisions);
 
 Triangle Marine,
 
 95-2873 at 7, 681 So.2d at 941 (challenging tax assessments imposed on constitutionally exempt property). Plaintiff simply disputes the valuation placed on Entergy’s properties by the LTC, and as seen through our discussion of |npertinent jurisprudence, our constitutional and statutory laws do not grant district courts original jurisdiction over such disputes.
 

 In conclusion, we find plaintiffs claim seeks an adjustment to the valuation of Entergy’s properties that constitutes a correctness challenge. Accordingly, the district court does not have original jurisdiction over this claim, and the court of appeal’s holding to the contrary is hereby reversed.
 

 DECREE
 

 For the foregoing reasons, we reverse the judgment of the court of appeal, and we reinstate the judgment of the district court, dismissing plaintiffs claims against defendants with prejudice on the declinato-ry exceptions of lack of subject matter jurisdiction.
 

 REVERSED and REINSTATED.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice
 
 ad hoc,
 
 sitting for Associate Justice Chet D. Traylor, now retired.
 

 [1]
 

 . Defendants also filed peremptory exceptions of no right of action. Although the district court granted defendants' exceptions of no right of action, the district court correctly noted in its reasons that "[i]f I do the no subject matter jurisdiction. I can't get to the no right of action, but in any event so that you — so that the First Circuit, if they believe I am wrong on the subject matter jurisdiction, they have a ruling from me on the no right of action also...." Oral Reasons for Judgment,
 
 Gisclair v. Louisiana Tax Commission,
 
 559-132 (19th JDC 4/21/08). On appeal, the First Circuit Court of Appeal reversed the district court's ruling on the peremptory exceptions.
 
 Gisclair v. Louisiana Tax Commission,
 
 08-1616 (La.App. 1 Cir. 10/31/08), 994 So.2d 154(unpublished).
 

 Nevertheless, as we have previously stated, a judgment rendered by a court, which has no jurisdiction over the subject matter of the action or proceeding, is void. La. Code Civ. Proc. art. 3.
 
 Boudreaux v. State, Dept. of Transp. and Development,
 
 01-1329, p. 7 (La.2/26/02), 815 So.2d 7, 12-13. For reasons stated in the body of this opinion, our ruling as to the declinatory exceptions of lack of subject matter jurisdiction renders all rulings on the peremptory exceptions of no right of action null and void by operation of law.
 
 See
 
 La. Code Civ. Proc. art. 3. Therefore, the peremptory exceptions and all subsequent rulings of the lower courts as to the peremptory exceptions will not be discussed herein.
 

 [2]
 

 . Under Louisiana Const, art. VII, § 18(D), each local assessor determines the fair market value of all property located in his parish or district, except for public service property, which is valued by the LTC. The process of valuation and assessment for most property is often referred to as a “local assessment” because it is done by the local assessors in each parish and is governed by the provisions set forth in La.Rev.Stat. §§ 47:1951
 
 et seq. See Cleco Evangeline, LLC v. Louisiana Tax Com’n,
 
 01-2162 (La.4/3/02), 813 So.2d 351, 353. The procedure for assessments of utilities and other public services properties is often referred to as a “central assessment” because valuation and assessment is done centrally by the LTC in Baton Rouge.
 
 See id.
 
 This procedure is governed by the provisions set forth in La.Rev.Stat. §§ 47:1851
 
 et seq.
 

 [3]
 

 . After institution of this suit, La.Rev.Stat. § 47:2110 was repealed by La. Acts 2008, no. 819, § 2, effective January 1, 2009.
 

 [4]
 

 . See
 
 supra
 
 note 2.
 

 [5]
 

 . Most significantly, the above enumerated cases were decided by this Court before the
 
 *1138
 
 constitutionally mandated administrative review of correctness challenges under La. Const, art. VII, § 18(E) was adopted. However, the distinction between the challenges was still extremely relevant to determinations of timeliness because correctness challenges were subject to specific time limitations, while legality challenges were not.
 
 See Soni-at,
 
 146 La. at 456, 83 So. at 762.
 

 [6]
 

 .
 
 We explained that the LTC, as an administrative agency, "lack[ed] the power to hold statutory provisions unconstitutional."
 
 ANR Pipeline,
 
 02-1479, at p. 9, 851 So.2d at 1151 (quoting
 
 Albe v. Louisiana Workers’ Compensation Corp.,
 
 97-0581. p. 6 (La.10/21/97), 700 So.2d 824, 828). Therefore, the district courts have original jurisdiction to rule on the constitutionality of statutes.
 
 Id.