WHIPPLE, J.
 

 12This matter is before us on appeal by Jefferson Island Storage and Hub, L.L.C. (Jefferson Island), from a decision rendered by the Nineteenth Judicial District Court in an appeal taken to that court from a ruling of the Louisiana Tax Commission (LTC). The matter before us involves challenges to ad valorem tax assessments on property of Jefferson Island assessed for tax years 2006 to 2010. On appeal, Jefferson Island contends that the district court erred in refusing to address and/or render judgment on the correctness of all aspects of the contested tax assessments, thereby “splitting the appeal” and denying Jefferson Island the ability to recover the full amount of overpaid taxes in a single proceeding. Jefferson Island also contends that the district court erred as a matter of law in failing to address and affirm the merits of the LTC’s resolution of all other issues in addition to the pad gas issue and in failing to accordingly order a refund of all overpaid taxes arising out of the 2006-2010 assessments.
 

 Finding no error by the district court, we affirm.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 Jefferson Island is a foreign limited liability company that operates a natural gas salt dome storage facility in Iberia Parish on and/or under property leased from the State of Louisiana. The facility consists of
 
 *1036
 
 salt caverns located beneath Lake Peign-eur, as well as various facilities, including flow lines, wells, and wellheads.
 

 After Jefferson Island received notice of the 2006 ad valorem assessment of its property by the Iberia Parish Assessor (Assessor), Rickey J. Huval, Sr., it filed a timely protest, first with the Assessor and then with the Iberia Parish Board of Review, which upheld the assessment. Jefferson Island timely paid the ad valorem taxes under protest, and then filed an appeal of the assessment to the LTC.
 

 laUpon receiving its 2007 ad valorem assessment, Jefferson Island again protested on the same grounds it had urged in objecting to the 2006 assessment. Once again, Jefferson Island filed unsuccessful protests of the assessment with the Assessor and the Iberia Parish Board of Review. Jefferson Island paid the taxes under protest and appealed the 2007 assessment to the LTC, where the appeal was consolidated with the pending appeal of the 2006 assessment.
 

 In addition to these administrative appeals, Jefferson Island also filed a direct suit in the Nineteenth Judicial District Court on January 25, 2008, seeking recovery of the 2006 and 2007 taxes it had paid under protest.
 
 [1]
 
 The suit was based on the same grounds raised by Jefferson Island in its LTC appeals, namely:
 

 (1) the Assessor applied an incorrect methodology in reaching its valuations by using a weighed valuation assessment that included the income, cost, and market approaches;
 

 (2) the Assessor erred in refusing to recognize that the salt caverns are exempt from ad valorem property taxation because they are owned by the State of Louisiana and are being used in the public interest and for a public purpose pursuant to La. Const, art. VII, § 21(A);
 

 (3) the Assessor incorrectly re-classified the “injection wells” at the facility to “cavern wells” and imposed an arbitrary methodology to reach a valuation of the wells;
 

 |4(4) the Assessor applied an incorrect discount rate to pad gas.
 
 [2]
 

 Subsequently, Jefferson Island also protested its 2008 ad valorem assessment on these same grounds. Jefferson Island paid the 2008 tax assessment under protest and took an appeal to the LTC. By
 
 *1037
 
 stipulation of the parties, that appeal was consolidated with the pending appeals before the LTC of the 2006 and 2007 assessments.
 

 On June 2, 2009, the LTC rendered a decision on Jefferson Island’s appeals regarding the 2006-2008 tax assessments. The LTC agreed with Jefferson Island and ruled that the Assessor had utilized an incorrect methodology in making the assessments, that the salt caverns were exempt from taxation, and that Jefferson Island’s wells should be classified as injection wells. However, the LTC ruled against Jefferson Island on the pad gas issue, finding that the Assessor had applied the correct discount rate in assessing the pad gas.
 

 On June 26, 2009, the Assessor took an appeal to the Sixteenth Judicial District Court, where the property is located, seeking review of the LTC’s rulings adverse to him, which related to the methodology utilized in the assessments, the salt cavern exemptions, and the classification of Jefferson Island’s wells. Shortly thereafter, on June 30, 2009, Jefferson Island filed an amended petition in its pending suit in the Nineteenth Judicial District Court, seeking to appeal from the LTC’s ruling on the pad gas issue, and therein sought a refund of all taxes paid under protest.
 

 | ¡¡Thereafter, pursuant to an unopposed motion filed by Jefferson Island, the LTC entered a judgment on August 24, 2010, ordering that its June 2, 2009 ruling also be made applicable to the 2009 tax assessment. Jefferson Island then filed a second amending petition in the Nineteenth Judicial District Court, seeking to include its challenge to the 2009 and 2010 tax assessments in the proceedings pending before the Nineteenth Judicial District Court, since Jefferson Island’s protests of the 2006 through 2010 assessments were all based on the same grounds.
 
 [3]
 

 In response, the Assessor filed an exception of lis pendens, seeking dismissal of Jefferson Island’s appeal in the Nineteenth Judicial District Court on the basis that the Assessor’s appeal to the Sixteenth Judicial District Court was the first filed. However, the exception was never set for hearing and ultimately was dismissed, without prejudice.
 

 Likewise, Jefferson Island filed an exception of lis pendens in the Sixteenth Judicial District Court, seeking dismissal of the Assessor’s appeal. Jefferson Island argued therein that its “appeal,” raised in the pending Nineteenth Judicial District Court suit for recovery of taxes paid under protest, was the first one filed, because its first amending petition, seeking an appeal of the LTC decision, should be viewed as relating back to the original 2008 filing date of its suit in the Nineteenth Judicial District Court. Thus, it asserted, the Assessor’s appeal in the Sixteenth Judicial District Court should be dismissed, since the two appeals involved the same transactions or occurrences, between the same parties, in the same capacity.
 

 16In the pending appeal before the Sixteenth Judicial District Court, the district court overruled Jefferson Island’s exception of lis pendens. In rejecting Jefferson Island’s argument that its amending petition related back to the original 2008 filing of the Nineteenth Judicial District Court suit, the court reasoned that: (1) Jefferson Island’s original suit in the Nineteenth Judicial District Court was a separate proceeding from the appeal it took from the 2009 LTC decision; and (2) the filing of
 
 *1038
 
 Jefferson Island’s appeal could not be interpreted to relate back to a date before the decision that was the subject of the appeal was rendered. Accordingly, the Sixteenth Judicial District Court concluded that the Assessor’s appeal was the first appeal filed. The court further held that its decision on the specific issues raised in the Assessor’s appeal relating to methodology, salt cavern exemptions, and classification of wells would not preclude the Nineteenth Judicial District Court from deciding the remaining issue actually raised in Jefferson Island’s appeal,
 
 ie.,
 
 the pad gas issue.
 

 Jefferson Island filed a writ application from the Sixteenth Judicial District Court’s denial of its exception of lis pen-dens. The Third Circuit Court of Appeal denied the writ, stating “[w]e find no error in the trial court’s ruling.”
 
 Huval v. Jefferson Island Storage & Hub, L.L.C.,
 
 2009-01213 (La.App. 3d Cir.2/25/10) (unpublished). Jefferson Island then filed an application for supervisory writs of certio-rari and review to the Louisiana Supreme Court, which were also denied.
 
 Huval v. Jefferson Island Storage & Hub, L.L.C.
 
 2010-1700 (La.10/8/10), 46 So.3d 1275.
 

 On March 9, 2011, the judge in the Nineteenth Judicial District Court rendered a decision on Jefferson Island’s pending appeal in the Nineteenth Judicial District Court. Ruling in favor of Jefferson Island, the court concluded that the |7LTC erred in finding that the Assessor had applied the correct pad gas discount rate, and reversed the LTC’s decision on that issue. However, in response to Jefferson Island’s contention that the court should also consider and affirm the remainder of the LTC decision, the court held that Jefferson Island lacked standing and the Nineteenth Judicial District Court was without authority to review the remaining three issues ruled upon by the LTC. Jefferson Island then filed the instant appeal to this Court, challenging the Nineteenth Judicial District Court’s refusal to address the entirety of the LTC’s decision.
 

 DISCUSSION
 

 On appeal, Jefferson Island does not assign error to or complain of any substantive ruling by the Nineteenth Judicial District Court, since Jefferson Island undisputedly received a favorable ruling on the only issue considered on the merits by that court. Rather, Jefferson Island complains that the judge in the Nineteenth Judicial District Court erred in refusing to affirm the LTC decision on the remaining three issues ruled upon by the LTC. Jefferson Island contends that the judge should have reviewed these additional rulings, which it argues would entitle it to an immediate refund of all taxes paid under protest, not just those taxes paid with respect to the pad gas. Jefferson Island further contends that the judge’s decision results in a splitting of appeals, thereby allowing different issues in a single case to be appealed to two different district courts.
 

 Jefferson Island maintains that since it was a “dissatisfied” party with respect to the LTC’s ruling on the pad gas issue, it clearly had standing to take the instant appeal to the Nineteenth Judicial District Court on that issue. It further contends that, under the principles of res judicata and compulsory reconventional demands, the Assessor was required to raise any issues he had with respect to the | sLTC’s decision in the proceedings before the Nineteenth Judicial District Court and in the instant appeal arising therefrom. Otherwise, Jefferson Island argues, the Assessor’s failure to raise these issues in the Nineteenth Judicial District Court and the instant appeal bar him from doing so in
 
 *1039
 
 another proceeding. In essence, Jefferson Island argues that the principles of res judicata and compulsory reconventional demands define the scope of the appeal before the Nineteenth Judicial District Court and should thereby force the Assessor to raise his appeal of the LTC’s adverse rulings in the forum chosen by Jefferson Island,
 
 ie.,
 
 the Nineteenth Judicial District Court. After careful review, we find no merit to Jefferson Island’s procedural arguments.
 

 In reaching the conclusion that the pad gas issue was the only issue actually before the district court on appeal, the judge for the Nineteenth Judicial District Court gave extensive written reasons for judgment, as follows:
 

 This Court must first address the threshold issue of what portions of Jefferson Island’s appeal are properly before this Court.
 
 La. R.S.
 
 U7:1998, which vests the district courts with the authority to conduct judicial reviews of ad valo-rem tax assessments, states, in pertinent part:
 

 A. (1)(a) Any taxpayer or bona fide representative of an affected tax — recipient body in the state
 
 dissatisfied with the final determination of the Louisiana Tax Commission
 
 under the provisions of R.S. 47:1989
 
 shall have the right to institute suit within thirty days
 
 of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located contesting the correctness of assessment, (emphasis added)
 

 Accordingly, to have standing to raise an issue on appeal, the Petitioner must be the dissatisfied party. Jefferson Island asks that this Court affirm the first three rulings of the Tax Commission and overturn the fourth ruling. Since Jefferson Island prevailed on the first three issues, it does not have the right to file suit on those points, since it is not “dissatisfied” with those rulings within the meaning of
 
 La. R.S. 47:1998(A)(1)(a).
 

 | ¡¡The Court agrees with the ruling of Judge Leonard of the Sixteenth Judicial District Court in denying the Exception of Lis Pendens filed in that proceeding by Jefferson Island. Therein, Judge Leonard held that the Judicial Review pending before the Nineteenth and Sixteenth Judicial District Courts did not involve the same issues. Specifically, in the Sixteenth Judicial District Court, Mr. Huval (for Iberia Parish) appealed 1) the correct methodology used to assess the value of the property; 2) the tax-exempt status of the salt caverns; and 3) whether the wells should be classified as injection wells or cavern wells. Conversely, the only issue before the Court in the Nineteenth Judicial District Court was the discount rate to be applied to the pad gas. Therefore, it is the opinion of this Court that Jefferson Island does not have standing to raise the other three issues upon which it prevailed, and those matters are properly before the court in the Sixteenth Judicial District Court.
 

 Accordingly, only the Tax Commissioner’s ruling relating to the categorization of the pad gas will be addressed by this Court.
 

 On review, we find no error in the determination of the Nineteenth Judicial District Court that the pad gas issue was the only issue Jefferson Island had standing to properly bring before the court on appeal.
 
 [4]
 
 We are unpersuaded by Jeffer
 
 *1040
 
 son Island’s contention that the scope of its appeal to the Nineteenth Judicial District Court is governed by principals of res judicata and lis pendens. Rather, as noted by the district court, LSA-R.S. 47:1998(A)(l)(a) permits a party “dissatisfied” with the LTC’s determination to appeal to the district court. Louisiana Code of Civil Procedure article 2082 provides that an “[ajppeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” Thus, the object of an appeal is to give an aggrieved party recourse to a superior tribunal for the correction of a judgment.
 
 See Emmons v. Agricultural Insurance Company,
 
 245 La. 411, 158 So.2d 594, 599 (La.1963);
 
 ANR Pipeline Company v. Louisiana Tax Commission,
 
 |102008-1148 (La.App. 1st Cir.10/17/08), 997 So.2d 92, 101,
 
 writ denied,
 
 2009-0027 (La.3/6/09), 3 So.3d 484.
 

 Further, standing exists only if a party has a sufficient interest at stake in the litigation that can be legally protected. Moreover, and contrary to Jefferson Island’s contentions, in addition to legal capacity to appear in court, standing is also gauged by the specific statutory or constitutional claims the party presents and his relationship to those claims. Therefore, a determination of standing requires a careful examination of whether a particular party is entitled to an adjudication of the particular claims he has asserted.
 
 In Re Matter Under Investigation,
 
 2007-1853 (La.7/1/09), 15 So.3d 972, 981. As a result, standing may exist for a portion of a party’s claim, but be lacking for a different portion of the same claim.
 
 In re Melancon,
 
 2005-1702 (La.7/10/06), 935 So.2d 661, 668.
 

 Applying these principles to the particular facts of this case, we agree that, while Jefferson Island had standing to appeal the adverse ruling on the pad gas issue, it lacked standing to seek review of the LTC’s rulings on the remaining issues, which clearly were decided in its favor. Since the rulings on these issues clearly were adverse to the Assessor, he was the party entitled to challenge and appeal the rulings under LSA-R.S. 47:1998(A)(l)(a). Venue for appeals from final determinations of the LTC are proper either in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the assessed property is located.
 
 See
 
 LSA-R.S. 47:1998(A)(l)(a). In the instant case, the Assessor properly chose to file an appeal in the Sixteenth Judicial District Court, which includes the parish where Jefferson Island’s property is located. Moreover, contrary to Jefferson Island’s contention, the Assessor’s |1tappeal was the first appeal filed from the LTC decision.
 
 [5]
 
 Under the circumstances, the As
 
 *1041
 
 sessor’s appeal of the three adverse rulings of the LTC to the Sixteenth Judicial District Court was proper and the judgment of the Nineteenth Judicial District Court was correct.
 
 [6]
 

 CONCLUSION
 

 On review, we find no error in the district court’s ruling that the scope of the appeal before it was limited to the single issue regarding the correct discount rate to be applied to pad gas, which was the only issue decided adversely to Jefferson Island in the LTC’s decision. Because the remaining rulings contained in the LTC decision were in Jefferson Island’s favor, it lacked standing to appeal those rulings. Further, because the district court’s ruling on the sole substantive issue properly before it for review was in favor of Jefferson Island, the instant appeal to this Court presents nothing further for review. Accordingly, the March 9, 2011 judgment of the district court is affirmed at the cost of appellant, Jefferson Island Storage and Hub, L.L.C.
 

 AFFIRMED.
 

 GUIDRY, J., concurs.
 

 [1]
 

 . Louisiana law provides a two-track system for challenging property tax assessments under which different procedures must be followed depending upon whether the claim raised by the taxpayer is a correctness or a legality challenge.
 
 Gisclair v. Louisiana Tax Commission,
 
 2009-0007 (La.6/26/09), 16 So.3d 1132, 1135-36. “[C]orrectness challenges are directed at issues of regularity or correctness of the assessment, such as overvaluation and misdescription, while legality challenges are directed at issues involving claims that the assessment is void for radical defects that bring into question the existence of any valid assessment.”
 
 Gisclair,
 
 16 So.3d at 1136 (citing
 
 Morgan's Louisiana & T.R.
 
 & S.S.
 
 Co. v. Pecot,
 
 50 La. Ann. 737, 742-13, 23 So. 948, 950-51 (1898)). Any challenge that seeks to correct some aspect of the assessment, but not to annul the assessment in its entirety, is a correctness challenge.
 
 Gisclair,
 
 16 So.3d at 1136-1137. The procedure for correctness challenges is governed by La. Const. Art. VII, § 18(E), which provides that the correctness of assessments are reviewable first by the parish governing authority, then by the LTC, and finally by the courts. Thus, the courts are granted only appellate jurisdiction in correctness challenges. In contrast, pursuant to La. Const. Art. VII, § 3(A) and LSA-R.S. 47:2134, legality challenges can be filed directly in district court, which exercises original jurisdiction over such claims.
 
 See Gisclair,
 
 16 So.3d at 1136.
 

 [2]
 

 . "Pad gas” is natural gas that is injected into and left inside a reservoir, such as a salt cavern, to provide sufficient pressure to allow other gas stored inside the reservoir to be extracted.
 

 [3]
 

 . Although the August 24, 2010 order of the LTC specifically referred only to the 2009 assessment, the parties apparently stipulated that any final ruling would also apply to the 2010 tax assessment.
 

 [4]
 

 . We also note that a party’s lack of standing (no right of action) may be noticed by an
 
 *1040
 
 appellate court on its own motion. See
 
 Chrysler First Financial Services Corp. v. ZIA Corporation,
 
 542 So.2d 87, 89 (La.App. 1st Cir.1989).
 

 [5]
 

 . Although Jefferson Island asserted its appeal via an amending petition filed in its previously existing direct suit in the Nineteenth Judicial District Court, the appeal actually was part of Jefferson Island’s correctness challenge to the amounts paid pursuant to the property assessments, which was a separate proceeding procedurally. As such, the Nineteenth Judicial District Court sat as an appellate court in reviewing the LTC's determination, whereas it would sit as a court of original jurisdiction in the direct suit. The proceedings being distinct, we agree with the Assessor and the judge in the Nineteenth Judicial District Court that the filing of the appeal of a decision (rendered subsequent to the institution of a direct suit to recover amounts overpaid) cannot relate back to the original filing of the petition in the direct suit. In any event, we agree with the express conclusion of the Sixteenth Judicial District Court that the filing of the appeal cannot relate back to a
 
 *1041
 
 date before the appealed decision was ever rendered.
 

 [6]
 

 . We note the Assessor’s contention in brief that Jefferson Island's amending petition asserting an appeal should have been filed in the Sixteenth Judicial District Court, where the actual first appeal from the LTC's decision was filed and pending. However, because the Assessor chose not to pursue the exception of lis pendens filed in the Nineteenth Judicial District Court (and has not otherwise challenged the correctness of the Nineteenth Judicial District Court’s ruling), we pretermit discussion of this issue.