KIRK USEY

VERSUS

BELINDA HAZEL, ASSESSOR
FOR PLAQUEMINES PARISH

\*

\*

\*

\*

\* \* \* \* \* \* \*

NO. 2021-CA-0447

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 65-526, DIVISION "B"
Honorable Michael D. Clement,
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart,
Judge Paula A. Brown)

William A. Roe
ATTORNEY AT LAW
2011 Milan Street
New Orleans, LA 70115

     COUNSEL FOR PLAINTIFF/APPELLANT

Francis Joseph Lobrano
William Allen Schafer
Peter J. Segrist
CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX,
LLC
1100 Poydras Street
Suite 3100
New Orleans, LA 70163

     COUNSEL FOR DEFENDANT/APPELLEE

                                        **AFFIRMED**
                                        **DECEMBER 15, 2021**

PAB
JFM
DLD

This case arises out of the supplemental tax assessment of property located in Plaquemines Parish. The owner of the property, Appellant, Kirk Usey ("Mr. Usey"), appeals the district court's June 1, 2021 judgment, which granted the exception of lack of subject matter jurisdiction filed by Appellee, Belinda Hazel, in her capacity as the Assessor for Plaquemines Parish (the "Assessor"), and dismissed his claims against her with prejudice. For the reasons that follow, we affirm the district court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Usey is the owner of property located at 2003/2007 Engineers Road in Belle Chasse, Louisiana in Plaquemines Parish ("the property"). In 2019, the Assessor discovered that a 15,000 square foot building located on the property had been omitted from the property assessments for tax years 2016, 2017, and 2018 and reassessed the property under the provisions of La. R.S. 47:1966.

The supplemental tax assessment resulted in a $14,237.61 tax bill, and the Assessor sent the supplemental tax assessment to Mr. Usey on August 2, 2019. On August 27, 2019, Mr. Usey wrote the Assessor, claiming he was appealing the reassessment. In the letter, Mr. Usey indicated that the property was "not a

1

commercial building" and that he stores his own property in the building. Mr. Usey further stated that when he applied for a permit the property was listed as residential and he was unclear how his "taxes switched from residential to commercial" without his knowledge or approval. Mr. Usey appealed that determination, and the Assessor rejected the appeal on August 30, 2019.

On September 4, 2019, Mr. Usey filed, in the district court, a petition for appeal of assessment of omitted property under La. R.S. 47:1966(A)(4). The petition alleged that Mr. Usey received notification that the property was "erroneously assessed for tax years 2016, 2017, and 2018 in that the property was assessed as residential when it should have been assessed as commercial." Mr. Usey further alleged that the reassessment over $14,000.00 is in error and not based on fact or correct interpretation of the law. The petition sought the reversal of the Assessor's determination and to void the finding that the property was erroneously assessed for tax years 2016, 2017, and 2018.

On April 20, 2021, the Assessor filed exceptions of lack of subject matter jurisdiction, no cause of action, and no right of action. The Assessor argued that because Mr. Usey is challenging the correctness of the assessment, the district court lacked subject matter jurisdiction,[1] and Mr. Usey lacked a cause of action to adjudicate the challenge to the supplemental assessment. The Assessor further

---

[1] In support, the Assessor attached the following exhibits, which were admitted into evidence:

(1) excerpts from the deposition of Mr. Usey;
(2) the August 2, 2019 supplemental tax assessment letter;
(3) the August 27, 2019 letter from Usey to the Assessor;
(4) the petition;
(5) the August 28, 2019 rejection letter; and
(6) the affidavit of Monica Nicosia, the Chief Deputy Tax Collector for Plaquemine Parish

2

argued that Mr. Usey has no right of action against the Assessor because he failed to pay the supplemental assessment under protest.

Mr. Usey filed an opposition to the exceptions on April 21, 2021, and argued that, pursuant to La. R.S. 47:1966, he had the right to appeal the Assessor's determination to the district court.

The exceptions came for hearing before the district court on April 30, 2021. The district court, relying on *Bass v. P'ship v. Gravolet*, 12-0024 (La. App. 4 Cir. 11/21/12), 105 So.3d 224, which will be discussed in more detail, *infra*, sustained the exception of lack of subject matter jurisdiction, found the remaining exceptions moot and dismissed Mr. Usey's petition against the Assessor, with prejudice.[2]

This appeal followed.

## STANDARD OF REVIEW

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived. La. C.C.P. art. 3. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. *Id*.

---

[2] The written judgment, which sustained the exception of lack of subject matter jurisdiction, mooted the exceptions of no cause of action and no right of action and dismissed Mr. Usey's claims, was executed on June 1, 2021.

"The exception of lack of subject matter jurisdiction is a question of law and is reviewed *de novo.*" *St. Bernard Par. Gov't v. Perniciaro*, 2019-0604, p. 4 ___ So.3d ___ 2020 WL 1173569 at *2 (La. App. 4 Cir. 3/11/20) (citing *Ryan Gootee Gen. Contractors, LLC v. Plaquemines Parish Sch. Bd. & One Constr., Inc.*, 15-0325, p. 9 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 595). "A challenge to a district court's lack of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it." *Bass,* 12-0024, p. 28, 105 So.3d at 239 (citing *Tran v. Schwegman's Giant Super Market,* 609 So.2d 887, 888–889 (La. App. 4 Cir.1992)). "It is a matter that may be raised at any time, even by the court on its own motion, at any stage of an action." *Id.*

## DISCUSSION

In his sole assignment of error, Mr. Usey contends the district court erred in sustaining the exception of lack of subject matter jurisdiction. Mr. Usey argues that because the Assessor utilized La. R.S. 47:1966 to reassess his property, that La. R.S. 47:1966(A)(4) permits an appeal to the district court, and the district court had jurisdiction to consider the supplemental assessment.

La. R.S. 47:1966, which provides for the assessment of omitted property, states, in pertinent part:

> A. (1) If any tract or lot of land or other property shall be omitted in the assessment of any year or series of years, or in any way erroneously assessed, it, when discovered, shall be assessed by the assessor or tax collector for the whole period during which the property may have been omitted or improperly assessed, and shall be subject to the state, parish, municipal, and levee taxes, which have been or may hereafter be assessed against the property in accordance with law. No back taxes for more than three years shall be assessed against omitted or improperly assessed property. Assessments of omitted or improperly assessed property shall appear upon a supplemental roll and be filed in the same manner as regular tax rolls.

\* \* \*

4

(4) In the event of any such protest, the decision of the assessors thereon shall be promptly made and be final; the assessment without further formality and requisite of any kind shall be binding and conclusive on the parties assessed; however the parties assessed can appeal to the courts within five days from the decision of the assessor on the protest, which decision shall be deemed notice, and the delay of five days shall begin from the day of entry by the assessors of the words "appeal rejected" on the supplemental roll.

Accordingly, La. R.S. 47:1966 grants an assessor, upon discovery, the authority to prepare supplemental assessments on omitted or erroneously assessed properties for the past three years. *Bass*, 12-0024, p. 14, 105 So.3d at 232. In addition, La. R.S. 47:1966 provides that "a taxpayer who wishes to protest the supplemental assessment must first make a protest with his assessor. In the event the assessor denies the protest, a taxpayer may then appeal the supplemental assessment to the courts." *Id*. at 233.

There are two challenges that may be made to property tax assessments. "One track encompasses challenges to the 'correctness of assessments' by the assessor, while the other track covers challenges to the legality of the tax levied." *New Orleans Riverwalk Marketplace, LLC v. Louisiana Tax Comm'n,* 17-0968, p. 7 (La. App. 4 Cir. 4/30/18), 243 So.3d 1070, 1075 (quoting *Gisclair v. Louisiana Tax Comm'n*, 09-0007, p. 5 (La. 6/26/09), 16 So.3d 1132, 1135)(citations omitted). The *Gisclair* Court highlighted that "correctness challenges are directed at issues of regularity or correctness of the assessment, such as over-valuation and misdescription, while legality challenges are directed at issues involving claims that the assessment is void for radical defects that bring into question the existence of any valid assessment." *Id.* (quoting *Gisclair*, 09-0007, p. 5. 16 So.3d at 1136 (citations omitted).

For assessment correctness challenges, La. Const. art. VII, § 18(E) provides:

Review. The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.

Under the aforementioned constitutional provision, for correctness challenges, district courts are only granted appellate jurisdiction. *Gisclair*, 09-0007, p. 5, 16 So.3d at 1136; (citing *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 02-1479, p. 6 (La. 7/2/03), 851 So.2d 1145, 1149-51; *Triangle Marine,* 95–2873, at p. 4, 681 So.2d at 939). "However, pursuant to La. Const. Art. 7, § 3 and the interpreting jurisprudence, legality challenges are to be filed directly in the district court." *Bass*, 12-0024, p. 17, 105 So.3d at 234, (citing *Gisclair,* 09–0007, p. 5, 16 So.3d at 1136)(citations omitted). Thus, the Louisiana Tax Commission has original jurisdiction over correctness challenges, while the district court has original jurisdiction over legality challenges. *ANR Pipeline Co.*, 02-1479, p. 6, 851 So.2d at 1149-51. As such, La. R.S. 47:1966(A)(4) does allow an appeal for omitted properties, but Louisiana jurisprudence is clear that when an assessment is challenged for correctness, the district court lacks original jurisdiction and only has appellate jurisdiction over the correctness of an assessment.

At the hearing on the exception of lack of subject matter jurisdiction, the district court judge gave oral reasons for his judgment sustaining the exception, stating, in part:

> [T]his Court has read the memos, reviewed the law. And clearly, there's a distinction not only in *Bass* [*P'ship v. Gravolet*, 2012-0024 (La. App. 4 Cir. 11/21/12), 105 So.3d 224] but - but replete in the reported cases, the distinction between a correctness challenge and a legality challenge. And I -- I have the -- the petition displayed in the courtroom because, clearly, at the inception of the lawsuit, this is a correctness challenge throughout; and -- and as he testified -- as your client testified in his deposition, he's only challenging the correctness of the assessment: residential versus commercial. And not only *Bass* but other cases support the

6

proposition that where it's correctness, this is not the proper place to be.

* * *

Just -- you know, in -- in digging through the footnotes and the case law… everything I find shifts towards the dual tract. And when you get to the dual tract, unless it's a legality challenge that the -- the assessed tax is -- is invalid, is illegal, then it's a correctness challenge. . . . But, in looking in the case law that interprets why we're here and what the resolution is, I just don't see this case going forward. . . . This is a correctness challenge, very clearly. Or, the -- perhaps, as -- as I suggested and you did, rightly so, that this motion should have been brought years ago at the inception of the lawsuit, avoiding all of the costs, time for preparation, et cetera -- so, here we are. And, you know, the -- I'm going to sustain the exception[.]

Mr. Usey contends the district court misapplied this Court's decision in *Bass*. He argues that the *Bass* Court indicated that La. R.S. 47:1966(A) does not prohibit the district court from exercising original jurisdiction over the Assessor's determination that a "property is subject to the supplemental assessment" and because he is challenging the legality of the assessment, the district court has jurisdiction over the instant case. We disagree.

In *Bass*, the central issue was "the scope and extent of the district court's jurisdiction, that is, its power and authority to review the assessor's supplemental assessments and afford any relief to the tax-paying producers." *Bass*, 12-0024, p. 1, 105 So.3d at 226. The plaintiffs in *Bass* were several petroleum-producer firms. The assessor had concluded that the plaintiffs failed to report personal property subject to ad valorem taxation and sought back taxes for a three (3) year period. The plaintiffs made payment under protest and sought to invoke the jurisdiction of the district court to recover the taxes paid. Finding that the *Bass* plaintiffs challenge was a correctness of assessments, this Court concluded the district court did not have authority to review for correctness a supplemental assessment for omitted property. The plaintiffs asserted that the assessor "mis-described or

7

mislabeled their properties or that the assessor failed to follow the Tax Commission guidelines for assessing omitted property." *Id.* at p. 7, 105 So.3d at 229. This Court explained that there was a two-track procedure under the Louisiana Constitution and statutory law to challenge property tax assessments: "under our jurisprudence, challenges to ad valorem property tax assessments are categorized as either challenges to the correctness of assessments or challenges to the legality of assessments." *Id.* at p. 16, 105 So.3d at 234 (internal quotations omitted). This Court further explained that a correctness challenge seeks "to correct a value, no matter how erroneous that value may allegedly be, but does not seek to annul the assessment in toto," which would be a challenge to the validity of the assessment. *Id.* at p. 17, 105 So.3d at 234.

Turning to the case, *sub judice*, review of the record reflects the initial dispute stems from the Assessor's characterization of the property, and Mr. Usey sought to challenge the correctness of the Assessor's characterization and supplemental assessment of the property. In his letter directed to the Assessor dated August 27, 2019, Mr. Usey protested the supplemental tax assessment, writing, in part, that "[he] was appealing the property taxes" assessed on the property. In his petition for appeal filed in the district court, Mr. Usey alleged that the property was erroneously assessed as commercial when it should have been classified as a residential building. Moreover, during his deposition, Mr. Usey authenticated his August 27, 2019 appeal letter to the Assessor and testified as follows:

> Q: So, you write, "Dear Assessor Hazel: I Kirk Usey, owner of 2003 Engineers Road, Belle Chasse, Louisiana am appealing the property taxes for said location for the years 2016, 2017, 2018. This is not a commercial building. It is my own property that is stored in it" Did I read that correct?

8

A: Yes.

Q: That's the basis for this lawsuit, right?

A: Yes, sir.

Mr. Usey further testified that he is "not asking to have [his] property taxes waived or rescinded for any year" and that he is appealing "the reassessment of the property from residential to commercial."

Based on our *de novo* review, we conclude that Mr. Usey is seeking a correctness challenge of the Assessor's characterization and supplemental assessment of the property, not a legality challenge, as he is not seeking to invalidate or annul the assessment as a whole.[3] Thus, the district court did not err in finding that it lacked subject matter jurisdiction to hear the underlying dispute.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED**

---

[3] As noted by the Assessor, even assuming Mr. Usey's challenge could be classified as a legality challenge and the district court had subject matter jurisdiction over the matter, Ms. Nicosia's affidavit demonstrates that Mr. Usey has not paid the supplemental tax assessment and, thus, appears to have no right to challenge the legality of the assessment. S*ee* La. R.S. 47:2134(C)(1). Additionally, "[a] person resisting the payment of an amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law and thereby intending to maintain a legality challenge shall timely pay the disputed amount due under protest to the officer or officers designated by law for the collection of the tax." *Side By Side Redevelopment, Inc. v. Marshall*, 2009-1430, p. 3 (La. App. 4 Cir. 6/30/10), 43 So.3d 1059, 1062 (finding that a taxpayer's claim prescribed when it failed to timely pay the tax under protest which prohibited the district court from hearing a challenge to the validity of that tax); *see Lindy Dev., L.L.C. v. Degan,* 2003-1078, p. 8 (La. App. 4 Cir. 4/21/04), 874 So.2d 252, 258 (finding that "the timely payment of the contested tax preserves the right to litigate the validity of the tax in court"); *see also* La. R.S. 47:2134(B)(1)(providing that a tax payer challenging the correctness of an assessment "shall timely pay the disputed amount of tax due under protest to the officer or officers designated by law for the collection of this tax").