Statement of the Case.
NICHOLLS, J.
The defendant was indicted by the grand jury of Franklin parish for the crime of manslaughter. His case was set for trial for September 23, 1909, at which time it was tried, and a verdict of guilty was the result of the trial.
On the polling of the jury, it was ascertained: That the verdict was rendered by a vote of nine- to three; that among the jurors who voted for a conviction was Robert Killian.
Upon the 25th of September, 1909, counsel for defendant filed a motion for a new trial upon the grounds:
(1) That the juror Robert Killian was not a competent juror for the alleged reason that he had previously expressed himself as being firmly of the opinion that the defendant should be convicted. That said juror was prejudiced against the defendant, and -was in favor of his conviction, and had so expressed himself on several occasions before he was accepted as a juror.. To this motion is attached the affidavits of Mrs. H. C. Abell, Curtis Beaird, W. J. Ensminger, and Mack Wiggers.
(2) That the court had improperly delivered a charge to the jury in the respect that the judge had charged without any qualification that, if the accused had provoked the difficulty, he forfeited the right of self-defense.
The motion for a new trial was overruled. The defendant was then sentenced to serve for a term of five years at hard labor in the penitentiary, from which sentence he prosecutes his appeal.
We find two bills of exception in the transcript. The first bill is to the following effect:
“Defendant was indicted September 10, 1909. Being a stranger in this community, without friends or money, counsel was appointed to represent him on the 20th of 21st of same month and case fixed for trial on 23d. September 23d case was tried, and accused was convicted by a verdict of nine to three; it having been shown by the polling of the jury that Robert Killian, one of the jurors, voted with the nine and made one of that number. An affidavit and motion for a new trial was filed September 25, 1909, about 10 o’clock a. m. Counsel, for state announced that he was ready for trial, whereupon counsel for defendant, understanding that the motion was to be tried on its face and the face of the affidavits attached to it, read and proceeded to argue it to the court without interference or interruption on the part of the district attorney till the argument was finished, when he announced to the court that he proposed to introduce testimony in rebuttal to the affidavits.
“The court ruling that this might be done, counsel announced that having only learned of the facts set up in said motion late in the day of September 24, 1909, and not having been able to see and talk to some of the witnesses whose affidavits are attached till the following day, he was not prepared at that time to proceed with the taking other testimony of other witnesses. and that those who had made the affidavits had not been summoned: one of them living at a distance of four miles from the courthouse. The court ruling that the case must proceed, and that the testimony on part of the accused would be limited to the swearing of the witnesses whose affidavits were attached, defendant’s counsel declined to present the defendant’s side of the case.
“The affidavit and motion -for a new trial, the affidavits attached thereto with the filings on them, the indictment with the filings on it, and all the minutes of this court with ■ reference to this case are hereto attached and made parts hereof for reference and further explanation.
*879 “As soon as the court ruled as above stated with reference to the proceedings with the taking of testimony and its limitation as set forth above, counsel for defendant asked for and _ reserved a bill of exceptions to the said ruling. Said motion being overruled by the .court, counsel for defendant at once reserved another bill to said action. Referring to and making the foregoing statement of facts a part hereof, counsel for defendant now moves this honorable court in open court to sign this, his bill of exceptions, which is accordingly done,”
Bill No. 2 declares: That counsel for defendant filed a motion for a new trial for the causes set out in said motion, which motion was specially referred to; that said motion, with the affidavits thereto, was tried in open court and overruled by the court, to which ruling counsel then and there in open court reserved a bill of exception, attaching thereto all the testimony taken on its trial and the affidavits attached to it, all of which is now presented and signed in open court as the law requires.
Defendant’s motion for a new trial, which was verified by his oath, was as follows:
“Defendant moved for a new trial for the reasons: That he has discovered since the trial that Robert Killian, one of the jurors of the trial panel, had on more than one occasion expressed himself as being firmly of the opinion that appearer was guilty and should be punished. That he attaches hereto the 'affidavits of Mrs. IT. O. Abell, Curtis Beaird, W. J. Ensminger, and Mack Wiggers, showing that the said Killian has given expression to such opinion and such feeling of prejudice prior to his being selected as one of the panel to try this defendant. That appearer is a very poor man not able to employ counsel or to furnish bail. That he has since a short time after the homicide been confined in the jail of the parish of Richland. That he has no friends or relatives in this state. That being without money, without friends, and without relatives, confined in jail at some distance from the scene of the killing, it was impossible for him to learn anything about the feeling of the members of the jury except by the examination of them on voir dire in open court at his trial. That the said Killian was carefully examined by his appointed counsel, and answered clearly and affirmatively that he had neither formed nor expressed an opinion.
■ “Defendant shows: That he has clearly been prejudiced by the action of said juror, because: First, the said Killian frequently visited and was well acquainted in the town where the difficulty occurred, and would therefore exercise and especially influence against him; and, second, because there were only nine juror’s in favor of conviction j. the said Killian making one of that number. That he had no knowledge or intimation of the feeling of the said juror against him and was surprised when .he learned of his attitude and conduct after the trial. Defendant further alleges: That he should be granted a new trial for the reason that he was prejudiced by the charge of your honorable court when it was stated without proper explanation, and without any sort of qualification, that if accused had provoked the difficulty he absolutely forfeited the right of self-defense.
“That counsel for this defendant tried to have a qualification of this charge so as to have the jury understand that, if deceased had become provoked while defendant was acting within his legal rights, he did not forfeit his plea of self-defense but such instruction was refused. That this charge was especially necessary in this case because the contention of defendant, sustained by his testimony, was that he should not use indecent language so near his house that it would be in hearing of his wife. Defendant, for the foregoing reasons, and for the further reason that the verdict is contrary to the law and the evidence, prays that he be granted a new trial.”
Annexed, to this motion were the affidavits of Curtis Beaird, Mack Wiggers, W. J. Ensminger, and Mrs. IT. C. Abell. Curtis in his affidavit declares: That about May 15, 1909, Robert Killian (one of the jurors on the jury which tried the case) expressed in his presence the positive opinion that the accused was guilty and should be convicted; that he expressed himself forcibly about the merits' of the case; “that one of the ■ expressions of said juror was that Latham was guilty and, should he be a juror, he would send him down the river.”
Wiggers in his affidavit declared that about the 8th of May, 1909, Robert Killian expressed in his presence the positive opinion that the accused was guilty and should be convicted, and expressed himself forcibly about the merits of the case, and on or about the 8th of May said:
“That Ora Latham ought to be punished for the killing of John Bowman.”
Ensminger in his affidavit declared that on or about May 8 or 10, 1909, Robert Killian in his presence expressed, in the town of *881 Winnsboro, himself, forcibly about the merits of this ease; that the said Killian said:
“That if he was on the jury it would be a hung jury.”
Mrs. Abell in her affidavit declared that, on or about the 28th of April, Robert Killian expressed in her presence the positive conviction that the accused was guilty and should be convicted; that he expressed himself forcibly about the merits of this case; that one of the expressions of said Killian referring to defendant was:
“He ought to be hung, and if I were on a jury to try him I would vote to hang him.”
On the trial of the motion for a new trial, Robert Killian testified that he was one of the jurors in this case. The following questions were put and answers given by him:
“Q. Had you before the trial of this case made a statement that you were of the positive opinion that the defendant, Ora Latham, was guilty and should be convicted?
“A. No, sir; I did not.
“Q. Had you ever expressed such an opinion before this trial?
“A. No, sir.
“Q. Did you state in Winnsboro, or anywhere else, before this trial, that if you were on the jury in this ease that it would be a hung jury?
“A. No, sir.
“Q. Did you ever make the 'statement before this trial in the presence of Mrs. H. O. Abell, or any one else, that Latham ought to be hung, and if you were on the jury you would vote to hang him?
“A. No, sir; I had no conversation with Mrs. Abell in regard to this at all since it happened.
“Q. Have you had any conversation with reference to this case with Curtis Beaird, Mack Wiggers, W. J. Ensminger?
“A. Well, for Curtis Beaird, I might have mentioned the case- to him; but, as to the other parties, I have had no conversation with them.
“Q. Did you make any statement to Curtis Beaird to the effect that Latham ought to be convicted, and if you were on the jury he would go down the river?
“A. No, sir; and to nobody else.”
On the trial of the motion for a new trial, W. H. Adams testified: That he knew Mack Wiggers, W. J. Ensminger, and Mrs. H. C. Abell; that all said persons lived in Winnsboro, and all of them were in attendance in ■ court at the trial. Adams gave no testimony as to Curtis Beaird.
The district court made the following ruling on the motion for a new trial:
“The motion for a new trial is incorrect, wherein it states that the court, without proper explanation, and without any sort of qualification, charged that if the accused had provoked! the difficulty he absolutely forfeited the right of self-defense.”
The court charged that no person could provoke a difficulty, and create the necessity for taking life, and then plead justification in excuse, and that, where the right of self-defense was forfeited by provoking a difficulty, such right could only be regained by abandoning the difficulty and giving notice to the other party.
No objection to the charge was made, and the special charge requested was given with qualification and explanation and, the court at the time stated to counsel that the special charge would be given with such qualification and explanation, and no objection was made by counsel. The jury could not have misunderstood the charge,and could not have been misled. The court appointed Mr. S. N. Dorsett, an attorney at the 'bar, to represent the accused, and he was assisted in selecting the jury by Messrs. O. L. Berry and A. W. Moore, who have practiced at this bar for more than 30 years.
I do not consider that the motion for a new trial has any merit whatever.
Opinion.
In this case the district judge declared that defendant’s motion for a new trial had no merit whatever and refused the application. We understand from this that in his opinion the verdict was sustained by the evidence.
The question before us is whether that verdict should be set aside for the assigned reason that Robert Killian, one of the nine jurors who voted in favor of the conviction *883 of the defendant, was an incompetent juror for the reason that he had formed and expressed (before being accepted on the jury) an opinion to the effect that defendant was guilty of the crime charged against him and should be punished.
In State v. Nash, 43 La. Ann. 1144, 13 South. 732, 734, the same question was submitted to this court for decision. The court then declared that it considered that for the maintenance of a motion for a new trial on that ground it was essential that defendant should prove all of three facts:
(1) That the jurors were incompetent (in that case under age).
(2) That that fact was unknown to the defendant and his counsel until after'verdict.
(3) That the juror was questioned as to his competency on his own voir dire and answered that he was.
The defendant, in his motion for a new trial (which was verified by his oath), declared that Killian was carefully examined by his appointed counsel and answered clearly and affirmatively that he had neither formed nor expressed an opinion. That fact is substantially submitted in the brief filed on behalf of the state. Defendant in his motion for a new trial declared his want of knowledge of any ground for the incompetency of Killian until after the verdict was rendered. Counsel for defendant gave no testimony whatever in the case and filed no affidavit. The district judge assigned no reason for refusing to grant a new trial on the ground that Killian was not a competent juror. The state urges, in its brief filed by the Attorney General:
“That all the statements alleged to have been made by Killian were claimed to have been made in Winnsboro, where the case was tried, and where the attorneys of defendant reside, that the testimony taken on the trial of the motion for a new trial showed that Ensminger, Wiggers, and Mrs. Abell were present in court during the trial of the defendant, and from their affidavits had evidently taken an interest in the case, and it occurred to counsel for the state, as it no doubt did to the trial judge, that,- if this juror had made these statements, they were and should have been known by defendant or his counsel, and it was asking too much for the court to believe that such statements were made by the juror when the examination on his voir dire by the counsel for defendant disclosed no feeling on his part against the accused, and when the juror whose testimony was taken on the trial denied absolutely the statements attributed to him.”
It cannot be denied that the affidavits filed by defendant, and which were annexed to his motion, make a strong showing in support of the claim that Killian had, prior to his acceptance as juror, made the statements attributed to him. The credibility of those parlies is neither attacked nor suggested, and their interest in the defendant is merely assumed from the fact of their presence in court at defendant’s trial. We are inclined to think that the ruling of the district judge .adverse to the granting of a new trial was predicated upon the absence of any showing by defendant’s counsel of their want of knowledge, until after the verdict was rendered, of any fact going to show the incompetency of Killian. The case we are dealing with is a very serious one. The judgment rendered carries with it the imprisonment of the defendant for - years in the penitentiary. The verdict returned was by a vote of nine to three; the three opposing. The juror Killian was one of the nine who voted in favor of the verdict of guilty. Under the circumstances of this case, we are not disposed to reject defendant’s application on account of what was likely a want of appreciation by defendant’s counsel of the importance of his adding his testimony to that of defendant of want of knowledge on his part, until after verdict, of any ground for believing that Killian was incompetent as a juror. We are not willing, however, in the present condition of the case, to reverse the ruling of the district judge on the motion and to remand the case for a new trial on its merits; but we feel impelled and justified in setting aside the ruling and remanding the case for a new *885 trial of and full hearing upon the motion for a new trial.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the ruling of the district judge In refusing to grant defendant a new trial and the sentence of the court be set aside, and it is now ordered, adjudged, and decreed that the motion for a new trial be reinstated, and a hearing and trial had on said motion.
The cause is remanded to the district court for further proceedings according to law.