609 So.2d 887 (1992)
Vung Ngoc TRAN
v.
SCHWEGMANN'S GIANT SUPER MARKET.
No. 91-CA-2354.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1992.
Kathleen M. Bilbe, A Professional Law Corp., New Orleans, for plaintiff/appellant.
William H. Voigt, Jeffery McDonald, Blue, Williams & Buckley, Metarie, for defendant/appellee.
Before CIACCIO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
In this worker's compensation case, plaintiff, Vung Ngoc Tran ("Tran") appeals from a judgment dismissing his claim for attorney's fees. Without addressing the merits of Tran's arguments, that the hearing officer for the Office of Worker's Compensation Administration ("OWCA") erred in denying his claim for attorney's fees and in holding it had prescribed, we vacate the judgment. The hearing officer within the OWCA lacked subject matter jurisdiction to adjudicate this case.
On March 21, 1989, while working as a night stock clerk for defendant, Schwegmann Giant Supermarkets, Inc. ("Schwegmann"), Tran injured his back. Schwegmann sent Tran to Dr. Robert Weiss at North Shore Medical Center. Dr. Weiss, in turn, referred Tran to Dr. E.M. O'Bryan. The diagnosis was an incarcerated ventral hernia. Tran underwent a ventral herniorrhaphy on March 24, 1989. Schwegmann *888 paid all of Tran's medical bills and provided him compensation benefits through his date of discharge from Dr. Weiss's care. He was released from all activity restrictions on May 25, 1989.
Tran returned to work, but left a few hours later due to pain. The following day, May 26, 1989, he hired an attorney. The attorney then filed a claim with the OWCA contending Tran's injury was ongoing yet his compensation benefits had been terminated by his employer.
On August 4, 1989, Tran received a recommendation from the director of the OWCA indicating no additional temporary total benefits were due him but he was entitled to reasonable attorney's fees in accordance with LSA-R.S. 23:1201.2(A). Thereafter, the OWCA issued a certificate on August 18, 1989, declaring that the recommendation had been rejected by one of the parties. It cited LSA-R.S. 23:1311 as providing the time period for the parties to file suit in district court, i.e., "within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last ..." LSA-R.S. 23:1311, Acts 1980, No. 640. Neither party filed suit in district court.
Tran filed his petition for attorney's fees with the OWCA on February 7, 1991. After a trial before the hearing officer, judgment was rendered dismissing Tran's action at his cost. The reasons for judgment remarked that, "[t]his office obviously does not have jurisdiction. The suit and the case arose under the old statute, and that statute should have been followed." The reasons further stated that, even if jurisdiction was proper, Tran was not entitled to fees because no evidence was offered at the hearing to show 1) the amount of compensation due his attorney, and/or 2) Schwegmann failed to pay his medical bills and/or arbitrarily or capriciously failed to pay his medical bills.[1]
The hearing officer accurately surmised the jurisdictional issue.
Effective January 1, 1990, the Louisiana legislature substantially changed the administrative structure of the Worker's Compensation Act. Acts 1988, No. 938. The changes included the replacement of the district courts in the adjudicative process with a hearing officer within the office of the Director of OWCA. Id.; LSA-R.S. 23:1310 et seq.; 14 La.Civ.L.Treat. (Malone & Johnson)1992 P.P. § 381.10. The changes, however, did not effect worker's compensation claims filed with the Director prior to January 1, 1990. Acts 1989, No. 260[2]. All claims filed with the Director prior to that date, but not resolved, continued under the adjudicative procedures in effect prior to January 1, 1990. Id. Consequently, since Tran filed his claim with the Director in 1989 and this action stems from that claim, the hearing officer within the OWCA lacked subject matter jurisdiction to adjudicate his claim.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. LSA-C.C.P. art. 1. Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. A judgment rendered by a *889 court which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3.
The court's subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties. Cf. LSA-C.C.P. art. 925. The issue addresses the court's authority to adjudicate the cause before it. Louisiana Power & Light Co. v. City of Houma, 229 So.2d 202 (La.App. 1st Cir.1969), writ den., 254 La. 1165, 229 So.2d 350 (1969). It is a matter which may be raised at any time, even by the court on its own motion, at any stage of an action. Id.; Edwards v. Edwards, 21 La.Ann. 610 (Opelousas, 1869).
Therefore, we notice on our own motion the want of the lower tribunal's subject matter jurisdiction. The hearing officer's judgment is a nullity which cannot be revised on appeal. Edwards v. Edwards, supra. Pursuant to Acts 1989, No. 260 § 1, district court retained subject matter jurisdiction over the claim filed in 1989 despite the changes of the 1988 amendments to the Worker's Compensation Act.
It is not relevant to the jurisdictional issue that Tran's attorney seeks fees for the work she rendered to secure him additional temporary benefits and/or a second hernia operation. His claim for fees stems from his injury of March 21, 1989, the subject of the Director's August 1989 recommendation. Thus, his petition should have been filed in district court.
For the foregoing reasons, the judgment appealed is vacated and the action is dismissed without prejudice to plaintiff's right to sue in a court of competent jurisdiction.
VACATED.
NOTES
[1] Neither the judgment nor reasons for judgment addressed the issue of prescription.
[2] Acts 1989, No. 260 provides in pertinent part as follows:

Section 1. Sections 4 and 5 of Act No. 938 of the 1988 Regular Session of the Louisiana Legislature are hereby amended and reenacted to read as follows:
Section 4.(A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties' acceptance of the director's recommendation, compromise settlement, or the judgment of the court, shall be resolved by the procedures in effect prior to January 1, 1990.