Judge Daniel L. Dysart
This is an appeal by Erroll G. Williams, the Assessor for the Parish of Orleans *1072 ("Assessor") of a district court judgment reversing a ruling of the Louisiana Tax Commission ("Tax Commission") which found that plaintiff-appellee, the New Orleans Riverwalk Marketplace, LLC ("Riverwalk"), was not entitled to a refund of taxes it paid in 2012. For the reasons that follow, we reverse the district court's judgment and find that Riverwalk is not entitled to a refund of its 2012 ad valorem tax payment.
FACTS AND PROCEDURAL HISTORY
According to the Riverwalk's Petition for Judicial Review and Appeal of Decision of the Louisiana Tax Commission (the "Petition") filed on March 17, 2016, the City of New Orleans (the "City") issued tax bill numbered 103100121 to Riverwalk for the 2012 tax year. The bill assessed Riverwalk's property interest as follows: $2,284,450 for the land and $158,670.00 for the improvements. Riverwalk paid the tax bill in January, 2012.
According to the Petition, after the bill was paid, "Riverwalk and the Assessor determined that the land assessed in [the tax bill], and which was assessed and taxed to Riverwalk in the subject tax bill, was actually owned by the Port of New Orleans ["the Port"]."[1] Riverwalk maintained that the land was exempt from taxation under the Louisiana Constitution. The Assessor corrected the error and made appropriate adjustments for the year 2013, and for each year thereafter.
On October 20, 2014, Riverwalk requested a refund from the Tax Commission. A hearing on Riverwalk's refund request was held by the Tax Commission on December 8, 2015. The Tax Commission issued its ruling on February 12, 2016, denying Riverwalk's "request for refund of taxes paid in error." Its ruling was based on the "evidence presented by all parties ... and based upon the entirety of the record," and the Tax Commission's finding that "Riverwalk accepted the valuation and withdrew [its] appeal." More particularly, the Tax Commission found as follows:
The request [by the Riverwalk for a refund of the 2012 ad valorem taxes paid to the City] was made timely; however, the request was made subsequent to the withdrawal of an appeal to the Orleans Parish Board of Review.
The Riverwalk appealed to the Board and indicated a total requested assessed value of $1,884,050. T.J. Schoenemann of Thomas Reuters, Inc., a Property Tax Service, represented Riverwalk at the time of the appeal. Mr. Schoenemann formed his value using the income approach, a very reliable approach to value land and improvement as a total. Riverwalk later withdrew the appeal and accepted the assessor's value of $2,273,080.
Mr. Schoenemann's appeal withdrawal states, "Please accept this correspondence as acceptance of the 2012 valuation or assessment number 103100121 and withdrawal of the pending protest ...." Emphasis is given to "acceptance of valuation", not land valuation or improvement valuation, but the acceptance of the 2012 valuation of Assessment Number 103100121.
Riverwalk then filed the instant action in Civil District Court for the Parish of Orleans on March 17, 2016, seeking a reversal of the Tax Commission's ruling and further seeking a refund of the taxes it maintains it erroneously paid. Named as defendants in this suit are the Tax Commission; the Assessor; Norman Foster, in his capacity as the City's ex-officio tax collector; and the City.
*1073 After briefing by the parties, a hearing was held on the Petition on May 5, 2017. The district court issued a final judgment on May 22, 2017, reversing the Tax Commission's denial of Riverwalk's request for refund, granting Riverwalk's request and ordering Mr. Foster, as the City's tax collector, to refund $369,648.22 to Riverwalk.[2]
A suspensive appeal was timely taken by the Assessor.
Record on appeal
The record before us includes the following documents (the Administrative Record) and information submitted to the Commission and filed in the record in Civil District Court (listed in date order, where the date is known):
- A November 12, 2012 form 3103.A, Appeal to the Tax Commission, appealing the Board of Review on the assessment of Riverwalk's property. The form lists the Assessor's original fair market value of the improvement at $5,121,200 and the revised fair market value by the Board of Review at $3,000,000.
- A Form 3507 A Claim for Refund of Taxes Paid in Error (undated) indicating that the amount of taxes paid in error on January 17, 2012 was $368,648.22.
- A March 15, 2013 letter from the Assessor to Riverwalk advising that an assessment appeal for the 2013 tax year had been submitted to the Tax Commission and enclosing the Tax Commission 3103.A form and the Assessor's plea document.- A November 11, 2013 letter from the Assessor to Riverwalk advising that an assessment appeal for the 2014 tax year had been submitted to the Commission and enclosing the Commission 3103.A form and the Assessor's plea document.
- A 2014 Appeal to the Tax Commission summarizing the Assessor's fair market value, calculated at $84.13 per square foot (based on comparable sales data and the Board of Review's appraisal) and requesting that the Board of Review reject the request to lower the assessment and to uphold the Commission's 2014 assessment of $2,284,450 on the land and $768,180 on the improvements.
- A July 29, 2014 Tax Commission Decision following a June 3, 2014 hearing at which the Assessor challenged the value of Riverwalk's property; the Tax Commission agreed with the Assessor (in its Form 3103.A, above) that the fair market value for the improvements was $5,121,000 for the 2013 tax year.
- An October 14, 2014 letter from Scott Sonnier, attorney for Riverwalk, to the Commission, requesting a refund because the "taxes were paid on property that was erroneously assessed to the taxpayer." Attached as exhibits to this letter are:
- A City of New Orleans ad valorem tax bill for the year 2012 for $395,345.70;
- A copy of a January 17, 2012 check from Riverwalk paying the City the sum of $395,345.70; and
- A copy of the Orleans Parish Assessor's Office valuation summary for the Riverwalk's property for 2012 through 2014 and reflecting that the assessed value of the land for 2013 and 2014 is $0 (and reflecting a valuation of the land in 2012 of $2,284,450).
- A February 6, 2015 letter from the Assessor to the Commission regarding Riverwalk's request for a refund of the *1074 property taxes. The letter noted that the "taxpayer had consistently paid the taxes each year which included the land and building assessments because this allocation reduced the assessment of the building's valuation by 5%. After the property was sold in 2010 to the Howard Hughes Corporation, "[t]he practice of allocating the majority of the building value to the land assessment was obvious because it was common knowledge that the land along the riverfront ... is owned by the Port[,] a tax exempt agency." This resulted in a loss of tax revenue to Orleans Parish "because that portion of this commercial building value was only being assessed at 10% instead of the required 15%." The Assessor maintained that there had been no erroneous payment of taxes given the arrangement to allocate a "major portion of the building value to land" and because the payments by Riverwalk each year (on [its] $30,000,000 shopping center) were consensual. Attached as exhibits to this letter are:
- A Letter of Authorization executed by Riverwalk on August 12, 2011, by which Thomson Reuters (Property Tax Services) was appointed as Riverwalk's authorized representative "on all matters pertaining to ad valorem taxes;"
- An "Orleans Parish Board of Review Assessment Appeal Form BOR 3" filled out by T.J. Schoenemann, of Thomson Reuters on Riverwalk's behalf,[3] appealing the assessment of the property at issue and requesting an assessment of $1,725,380 for the land and $158,670 for the improvements. The form contained in the record is undated (a handwritten date is contained on the form, but the copy is cut off and the date is incomplete); and
- A facsimile sent on September 20, 2011 to the then-Assessor for Orleans Parish, by which Mr. Schoenemann advised that the 2012 valuation of the assessment contained in tax bill number 103100121 was accepted with "withdrawal of the pending protest."
- A July 20, 2015 letter from the Commission to Riverwalk advising that, after a meeting on June 23, 2015, the Commission denied the request for a refund.
- The Commission's February 12, 2016 Order.
DISCUSSION
At the hearing on Riverwalk's Petition, the district court found that "there [was] a legal error in this case that the Tax Commission made by not considering the legality of the tax payment" which it concluded was "erroneous as a matter of law" and warranted Riverwalk's request for a refund.
This action was instituted pursuant to the provisions of La. R.S. 47:2132 which, under subpart A, authorizes "[a]ny person who has a claim against a political subdivision for ad valorem taxes erroneously paid into the funds of that political subdivision" to "present the claim to the Louisiana Tax Commission within three years of the date of the payment, in such form and together with such proof as the tax commission may require by its rules and regulations ...."
The Assessor contends that the Commission correctly denied Riverwalk's refund request for three reasons: (1) Riverwalk *1075 knew that it was not the owner of the land for which it voluntarily paid ad valorem taxes (because, he asserts, Riverwalk obtained a "favorable break on its overall ad valorem tax assessment"); (2) In 2012, Riverwalk challenged the assessment, but then withdrew its challenge; thus, Riverwalk did not pay the taxes erroneously nor under protest and, under La. R.S. 47:2132, relief may be obtained only when a taxpayer makes an erroneous payment; (3) Riverwalk did not meet its burden of proof to establish the erroneous payment of the taxes. The Assessor framed the issues for review by this Court as whether the Tax Commission's decision to deny the refund request is "[n]ot supported and sustainable by a preponderance of the evidence" (pursuant to La. R.S. 49:964 G), and whether Riverwalk is estopped from claiming a refund on equitable grounds, as the Tax Commission found.
Under the Louisiana Constitution, public property is exempt from taxation. See La. Const. Art. 7, § 21 ("In addition to the homestead exemption provided for in Section 20 of this Article, the following property ... shall be exempt from ad valorem taxation: (A) Public lands and other public property used for public purposes ....). It is under this constitutional provision that Riverwalk asserted that its payment was erroneous under La. R.S. 47:2132.[4]
As Riverwalk acknowledges, the Louisiana Supreme Court has made clear that there are two challenges which may be made to property tax assessments. "One track encompasses challenges to the 'correctness of assessments' by the assessor, while the other track covers challenges to the legality of the tax levied." Gisclair v. Louisiana Tax Comm'n , 09-0007, p. 5 (La. 6/26/09), 16 So.3d 1132, 1135, citing Triangle Marine, Inc. v. Savoie , 95-2873, p. 3 (La. 10/15/96), 681 So.2d 937, 939. The Gisclair Court explained that "correctness challenges are directed at issues of regularity or correctness of the assessment, such as over-valuation and misdescription, while legality challenges are directed at issues involving claims that the assessment is void for radical defects that bring into question the existence of any valid assessment." Id. , 09-0007, 16 So.3d at 1136, citing Morgan's Louisiana & T.R. & S.S. Co. v. Pecot , 50 La. Ann. 737, 742-43, 23 So. 948, 950-51 (1898).
Thus, "under our jurisprudence, challenges to ad valorem property tax assessments are categorized as either challenges to the 'correctness of assessments' or challenges to the 'legality of assessments.' " Bass P'ship v. Gravolet , 12-0024, p. 16 (La. App. 4 Cir. 11/21/12), 105 So.3d 224, 234, writ denied , 12-2741 (La. 3/1/13), 108 So.3d 1176, quoting ANR Pipeline Co. v. Louisiana Tax Comm'n , 02-1479, p. 5 (La. 7/2/03), 851 So.2d 1145, 1148-1149.
As we recognized in Bass P'ship :
*1076 The nature of the challenge dictates the body in which our constitution grants jurisdiction to hear and resolve these disputes. Gisclair v. Louisiana Tax Comm'n , 09-0007, p. 5 (La. 6/26/09), 16 So.3d 1132, 1135.
The provision establishing the assessment correctness challenge is found in the Louisiana Constitution at Art. 7, § 18 E, which provides: "The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law." Under this provision, district courts in correctness challenges are merely granted appellate jurisdiction. ANR Pipeline , 02-4179, p. 6, 851 So.2d at 1149. However, pursuant to La. Const. Art. 7, § 3 and the interpreting jurisprudence, legality challenges are to be filed directly in the district court. Gisclair , 09-0007, p. 5, 16 So.3d at 1136 ; Triangle Marine , 95-2873, p. 4, 681 So.2d at 939 ; ANR Pipeline , 02-1479, p. 5, 851 So.2d at 1149.
Id. , 12-0024, pp. 16-17, 105 So.3d at 234. A correctness challenge, accordingly, seeks "to correct a value, no matter how erroneous that value may allegedly be, but does not seek to annul the assessment in toto" or one that "seeks to correct some aspect of the assessment." Id. , 12-0024, pp. 18-19, 105 So.3d at 234.
Conversely, "[a] challenge to the validity of a tax on exempt property is a challenge to the legality, not the correctness, of the tax." Triangle Marine , 95-2873, p. 6, 681 So.2d at 940. In Triangle Marine , vessel owners challenged the imposition of a tax on vessels on the basis that the tax was "illegal because their vessels enjoy a constitutional tax exemption." Id. , 95-2873, p. 5, 681 So.2d at 940 (emphasis supplied). The Court noted that the suit had properly been instituted "directly in district court pursuant to LSA-R.S. 47:2110 [which is] is the appropriate method for challenging a tax levy on exempt property." Id. , 95-2873, p. 6, 681 So.2d at 941. In reversing the lower courts' findings that the vessel owners had to first exhaust their administrative remedies under La. Const. art. 7, § 18 (E) before seeking a review in the district court (and later, the court of appeal), the Triangle Marine Court found that "[p]laintiffs properly proceeded in district court under LSA-R.S. 47:2110 to contest these taxes because a tax assessment on exempt property is illegal." Id. , 95-2873, p. 7, 681 So.2d at 941.[5]
Importantly, in Triangle Marine , the Supreme Court noted that the vessel owners "properly instituted suit under LSA-R.S. 47:2110after tax payment under protest ." (emphasis added).
In this matter, while La. R.S. 47:2132 deals with the refund of taxes erroneously paid, and is the statute under which Riverwalk ostensibly filed this lawsuit, it is clear that the object of Riverwalk's action is not the refund of taxes erroneously paid, but a challenge to the validity of a tax on exempt property. As such, it is a legality challenge and Riverwalk improperly sought review of this assessment with the Tax Commission. The Tax Commission does not have jurisdiction to consider legality challenges; as noted, "[t]he correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in *1077 accordance with procedures established by law." La. Const. art. 7, § 18 (E).
La. R.S. 47:2134, on the other hand, entitled "Suits to recover taxes paid under protest," recognizes the two distinct categories of challenges to ad valorem taxes. Subpart B concerns challenges to "the correctness of an assessment." Subpart C, however, concerns challenges to the legality of an assessment. It provides, in pertinent part, as follows:
C. (1) A person resisting the payment of an amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law and thereby intending to maintain a legality challenge shall timely pay the disputed amount due under protest to the officer or officers designated by law for the collection of the tax and shall give such officer or officers, notice at the time of payment of his intention to file suit for the recovery of the protested tax. The portion of the taxes that is paid by the taxpayer to the collecting officer or officers that is neither in dispute nor the subject of a suit contesting the legality of the assessment shall not be made subject to the protest. The taxpayer shall submit separate payments for the disputed amount of tax due and the amount that is not in dispute and not subject to the protest. Upon receipt of a notice, the protested amount shall be segregated and held by the collecting officer for a period of thirty days.
(2) A legality challenge suit must be filed within thirty days from the date of the protested payment. If a suit is timely filed contesting the legality of the tax or the enforcement of a provision of the tax law and seeking recovery of the tax, then that portion of the taxes paid that are in dispute shall be further deemed as paid under protest, and that amount shall be segregated and shall be further held pending the outcome of the suit. The portion of the taxes that is paid by the taxpayer to the collecting officer or officers that is neither in dispute nor the subject of a suit contesting the legality of the tax shall not be made subject to the protest.
La. R.S. 47:2134 (C) (emphasis added).
It is clear that Riverwalk initially challenged the valuation of the 2012 assessment and then withdrew that challenge, expressly accepting "the 2012 valuation of the assessment contained in tax bill number 103100121." It then sought a refund of the taxes it paid, claiming to have paid those taxes in error. While the record does not contain a dated copy of its request for a refund, in its Petition, Riverwalk indicates that the claim for a refund was made on October 20, 2014. Riverwalk maintains that the request for a refund was "timely." Indeed, a claim for taxes erroneously paid under La. R.S. 47:2132 (A) may be made "to the Louisiana Tax Commission within three years of the date of the payment." There is no jurisprudence defining the term "taxes erroneously paid."[6] However, as we have found, this is not simply a case of an erroneous payment, but rather, a challenge as to the legality of the tax assessment.
Under La. R.S. 47:2134 C, a challenge to the legality of an ad valorem tax must pay the tax under protest and then file suit within thirty days of the date of the payment. The record contains no evidence that Riverwalk paid the tax at issue herein *1078 under protest. Moreover, it paid the tax in January, 2012 and its request for a refund was admittedly first made in October, 2014. Clearly, Riverwalk did not file its suit (after paying the tax under protest) within thirty days of its payment. Our decision is consistent with our limited jurisprudence on this issue. In Side by Side Redevelopment, Inc. v. Marshall , 09-1430, p. 3 (La. App. 4 Cir. 6/30/10), 43 So.3d 1059, 1061, a suit seeking a determination that a charitable organization should not owe taxes on its property, this Court recognized that "[t]o challenge the validity of a tax imposed by the City of New Orleans, the taxpayer must first pay the tax under protest .... Only the timely payment of the contested tax preserves the right to litigate the validity of the tax in court." The Court then found that the organization's "failure ... to timely pay the tax under protest prohibited the district court from hearing a challenge to the validity of that tax." Id. See also , Wright v. Cingular Real Estate Holdings of La., L.L.C. , 09-1825 (La. App. 1 Cir. 7/1/10), 2010 WL 2637907 at *3 ("if Cingular believed the 2003 tax assessment was erroneous, it could have paid the assessed amount 'under protest' and sought recovery of the payment").
CONCLUSION
Based on the foregoing, we find that the trial court erred in determining that Riverwalk is entitled to a refund of the taxes paid in 2012. We therefore reverse the trial court's judgment.
REVERSED

The Port owns the land upon which Riverwalk's mall is located; Riverwalk owns the improvements and leases the land from the Port.

The result of this judgment is that Riverwalk's total ad valorem tax liability for 2012 would be $25,697.48.

The entity is listed as "N.O. Riverwalk Assoc. c/o The Riverwalk." The record contains no information as to whether this company and plaintiff-appellee, New Orleans Riverwalk Marketplace, LLC, are in fact the same entity. For purposes of this opinion, we assume that they are.

Riverwalk contends that the standard of review is found within the Administrative Procedure Act, La. R.S. 49:950. Under La. R.S. 49:964 A(1), "a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review ...." Review is obtained by instituting proceedings "by filing a petition in the district court of the parish in which the agency is located within thirty days after the transmittal of notice of the final decision by the agency[.]" La. R.S. 49:964 B. Subpart G provides for judicial review of the administrative body's ruling and allows the court to "affirm the decision of the agency or remand the case for further proceedings." It further allows the court to reverse or modify the decision or remand for further proceedings when certain conditions are found and the ruling reflects that "substantial rights... have been prejudiced."
As discussed more fully herein, this suit was improperly classified as a suit to recover taxes erroneously paid, and as such, the Administrative Procedures Act, and its review process, are inapplicable.

La. R.S. 47:2110 is now La. R.S. 47:2134. It was repealed and substantially reenacted by 2008 La. Acts, No. 819, § 1. It was amended in 2009 to add to subparts B and C separate provisions for a challenge to "the correctness of an assessment" and a "legality challenge."

We note that there are several Attorney General Opinions applying La. R.S. 47:2132. For example, Op. Atty. Gen., No. 07-0228 (dated 9/4/07), dealt with the issue of the payment of taxes on property for which a homestead exemption had not been filed and for which the homeowner sought a refund of taxes "erroneously paid" (ultimately concluding that the three year period for a refund of taxes erroneously paid applied).