| | | |
|---|---|---|
| ROSALIND PEYCHAUD, NEAL MORRIS AS OFFICER AND MEMBER OF NEW ORLEANS APARTMENT MANAGEMENT AND MARKETING, LLC | * | NO. 2021-CA-0686 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| VERSUS | | STATE OF LOUISIANA |
| | * * * * * * * | |
| ERROLL WILLIAMS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS THE ASSESSOR OF ORLEANS PARISH, THE LOUISIANA TAX COMMISSION, AND NORMAL WHITE IN HIS CAPACITY AS THE CHIEF FINANCIAL OFFICER FOR THE CITY OF NEW ORLEANS AND DEPARTMENT OF FINANCE | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-02728, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Pro Tempore Judge Madeline Jasmine**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Pro Tempore Judge Madeline Jasmine)

**DYSART, J., CONCURS WITH REASONS**

Clara Joyce Potter
Anjana Joshi
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170

and

Pierre G. Walker, III
REASONOVER & BERG, LLC
400 Poydras Street, Suite 1980
New Orleans, LA 70130

COUNSEL FOR PLAINTIFF/APPELLANT

John J. Weiler
Reese F. Williamson
WEILER & REES, LLC
909 Poydras Street
Suite 1250
New Olreans, LA 70112

And

Galen S. Brown
SULLIVAN STOLIER & KNIGHT LLC
909 Poydras Street, Suite 2600
New Orleans, LA 70112

And

Franklin "Drew" Hoffmann
FAIRCLOTH MELTON SOBEK & BASH, LLC
9026 Jefferson Highway
Suite 200
Baton Rouge, LA 70809

COUNSEL FOR DEFENDANTS/APPELLEES

**REVERSED AND RENDERED**

**APRIL 6, 2022**

*MJ*

*RLB*

This appeal arises from a challenge to the assessment of *ad valorem* property taxes for certain commercial properties owned by plaintiffs. On appeal, plaintiffs seek review of the trial court's granting of an exception of prescription in favor of defendants, who also filed an answer seeking review of the trial court's denial of their exceptions of lack of subject matter jurisdiction. For the reasons expressed below, we find the trial court does not have original jurisdiction over the instant litigation. We therefore reverse the trial court's denial of the defendants' exception of lack of subject matter jurisdiction and dismiss with prejudice Plaintiffs' claims against Defendants. Furthermore, in light of our ruling and the dismissal of Plaintiffs' claim, the issue of prescription is rendered moot; and consequently, we pretermit discussion of the issue on appeal.

## *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

1

In the instant appeal, Rosalind Peychaud ("Peychaud") and Neal Morris ("Morris"), in his capacity as the officer and member of New Orleans Apartment Management and Marketing, LLC ("Apartment Management") (collectively Plaintiffs") filed suit against Assessor Erroll Williams ("Assessor Williams"), in his capacity as the Assessor of Orleans Parish, the Louisiana Tax Commission ("LTC"), and Norman White, in his capacity as the Chief Financial Officer for the City of New Orleans and Department of Finance. Plaintiffs alleged that Assessor Williams failed to use one of the statutorily required methodologies to assess the property taxes for the 2021 tax year and disputed the value of the taxes they were assessed.

Peychaud owns a residential property at 2626 Milan Street, and her 2021 Orleans Parish *ad valorem* tax bill was $5,234.87. On February 25, 2021, she paid her tax bill under protest, the protested portion of which was $427.69. Apartment Management is the owner of two adjoining parcels of immovable property: a warehouse located at 3521 S. Liberty Street and an unimproved lot located at 3527 S. Liberty Street. Apartment Management's 2021 Orleans Parish *ad valorem* tax bill was $2880.00 for the warehouse and $500.95 for the unimproved lot. Morris paid Apartment Management's tax bills under protest on February 26, 2021, the protested portions of which were $235.30 and $40.94, respectively, for a total of $276.24.

On March 26, 2021, Plaintiffs filed their petition alleging Assessor Williams: (1) violated La. R.S. 47:2323, which sets forth the three types of

2

appraisal methods that may be used in determining tax assessments; (2) violated the state constitutional requirement of uniformity for allegedly taxing Plaintiffs' properties differently than other commercial properties, such as hotels in Orleans Parish; and (3) violated the state and federal constitutional requirement of equal protection for not taxing Plaintiffs' properties the same as certain commercial properties in Orleans Parish.[1]

On April 16, 2021, LTC filed its answer to the petition. On April 27, 2021, Assessor Williams filed several exceptions, including an exception of lack of subject matter jurisdiction and an exception of prescription.[2] Assessor Williams claimed Plaintiffs' petition constitutes a correctness challenge to their property assessments and that they must first file their claim with the parish governing authority, then with the LTC before filing suit. In that Plaintiffs failed to do so, Assessor Williams argued that the trial court lacks jurisdiction over their claims. Assessor Williams further asserted that Plaintiffs' challenge to the assessments were prescribed because they failed to file an appeal with the Board of Review within the time periods provided by La. R.S. 47:1992(C). Alternatively, Assessor Williams averred that if the trial court determined that Plaintiffs' action was a legality challenge, their claims are prescribed because they did not pay their taxes before February 1, 2021, pursuant to La. R.S. 47:1997(B).

---

[1] The petition sought a writ of mandamus ordering Assessor Williams to invalidate certain re-assessments across Orleans Parish, and to reduce Plaintiffs' tax bills by $703.93; a declaratory judgment that Assessor Williams' reassessments pursuant to La. R.S. 47:1978.1 violated the Louisiana and U.S. Constitutions; compensatory damages; punitive damages under 42 USC §1983; and an award of costs, including attorneys' fees.
[2] Although Assessor Williams filed exceptions, he did not file an answer to the Plaintiffs' petition.

3

LTC also filed an exception of lack of subject matter jurisdiction, joining and adopting the arguments Assessor Williams raised in his exception. Thereafter, Norman White, in his capacity as the CFO for the City of New Orleans, filed an answer and incorporated several exceptions, including an exception of lack of subject matter jurisdiction.

On June 16, 2021, Plaintiffs filed an opposition to the exceptions. Plaintiffs argued that their claims are legality challenges because they alleged the tax assessments "suffer radical defects because they were undertaken entirely outside of Assessor Williams' authority as an assessor, and thus are altogether void." Plaintiffs additionally argued that they preserved their rights by timely paying their property taxes under protest pursuant to La. R.S. 47:2134(C) "within the deadline set by the City of New Orleans acting as the lawful tax collector." Plaintiffs alleged that while taxes are generally due by January 21, for 2021, the City extended the deadline to February 28, 2021 and the delinquency date to March 1, 2021, for paying property taxes and resolving any tax issues. Plaintiffs further claimed that because they paid their taxes before February 28, 2021, they timely paid their taxes. Alternatively, Plaintiffs averred that their claims are not prescribed under the doctrine of *contra non valentem*.[3] Plaintiffs also filed a motion for leave to amend the petition, seeking to include additional claims and add factual allegations responsive to the exceptions.

---

[3] While Plaintiffs attached exhibits to their opposition, the exhibits were not offered into evidence at the hearing, and therefore, not considered by this Court.

A hearing on the exceptions was held on June 24, 2021, wherein the trial court provided reasoning on the record. The trial court concluded that Plaintiffs' claims constitute a legality challenge. Consequently, because a legality challenge can be filed directly with the trial court, it had jurisdiction over Plaintiffs' lawsuit and denied the exceptions of lack of subject matter jurisdiction. Addressing the exception of prescription, the trial court found Plaintiffs did not timely pay the disputed portion under protest in accordance with La. R.S. 47:1997(B). It reasoned that while the City may extend the deadline for tax collection for its own enforcement, the City lacks authority to alter the deadlines for a timely legality challenge set forth by state statutes. The trial court therefore found Plaintiffs failed to preserve their legality challenge. It also determined that the doctrine of *contra non valentem* did not apply in this case. Accordingly, the trial court granted the exception of prescription and dismissed Plaintiffs' claims. The trial court deemed the remaining exceptions as moot and denied Plaintiffs' motion to amend the petition as moot.

Subsequently, Plaintiffs filed a motion for reconsideration of the denial of their motion for leave to amend the petition as moot, which the trial court denied on July 2, 2021. On the same date, the trial court issued the judgment on the exceptions, denying the exceptions of lack of subject matter jurisdiction and granting the exception of prescription and dismissed Plaintiffs' claims with prejudice.[4]

---

[4] The July 2, 2021 judgment also indicated that the remaining exceptions were moot as the result of the dismissal of Plaintiffs' action.

It is from the trial court's July 2, 2021 judgment that Plaintiffs seek this Court's appellate review. Additionally, Assessor Williams and LTC filed answers to the appeal seeking review of the trial court's denial of their exceptions of lack of subject matter jurisdiction.

## *DISCUSSION*

Plaintiffs raise three assignments of error, the substance of which overlap significantly. Although Plaintiffs' appeal challenges the correctness of the trial court's granting of the exception of prescription, their arguments focus on the trial court's denial of the motion for leave to amend the petition as moot. Plaintiffs contend that the allegations set forth in their amended petition demonstrated that their claims had not prescribed; that the grounds for granting the exception for prescription could be removed by amendment; and that they were entitled to amend as a right because Assessor Williams, who alone brought the exception of prescription, had not yet answered the petition.

Defendants aver, in their brief and answer to the appeal, that the trial court lacked subject matter jurisdiction over Plaintiffs' lawsuit because Plaintiffs' petition constitutes a correctness challenge rather than a legality challenge. In that the trial court must have jurisdiction over Plaintiffs' claims before it can render a decision on an exception of prescription, we address the jurisdictional issue first.

### *Subject Matter Jurisdiction*

An exception of lack of subject matter jurisdiction is a question of law and is subject to de novo review. *Ryan Gootee Gen. Contractors, LLC v. Plaquemines*

6

*Parish Sch. Bd. & One Constr., Inc.*, 15-325, p. 9 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 595.

In *Bass P'ship v. Gravolet*, 12-0024, p. 27-28 (La. App. 4 Cir. 11/21/12), 105 So. 3d 224, 239, we stated:

> Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1. Subject matter jurisdiction, specifically, is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.

*Id.*

"A challenge to a district court's lack of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it." *Id.*, 12-0024, p. 28, 105 So. 3d at 239 (citing *Tran v. Schwegmann's Giant Super Market*, 609 So.2d 887, 888-89 (La. App. 4th Cir. 1992)). "It is a matter which may be raised at any time, even by the court on its own motion, at any stage of an action." *Id.*

Our jurisprudence recognizes two types of challenges to property tax assessments: "challenges to the 'correctness of assessments' by the assessor" and "challenges to the legality of the tax levied." *New Orleans Riverwalk Marketplace, LLC v. La. Tax Comm'n*, 17-0968, p. 7 (La. App. 4 Cir. 4/30/18), 243 So.3d 1070, 1075 (*quoting Gisclair v. La. Tax Comm'n*, 09-0007, p. 5 (La. 6/26/09), 16 So.3d 1132, 1135). Louisiana jurisprudence recognizes that "correctness challenges are directed at issues of regularity or correctness of the assessment, such as over-

valuation and misdescription, while legality challenges are directed at issues involving claims that the assessment is void for radical defects that bring into question the existence of any valid assessment." *Riverwalk Marketplace*, 17-0968, p. 7-8, 243 So.3d at 1075 (quoting *Gisclair*, 09-0007, p. 6, 16 So.3d at 1136); *See also Morgan's La. & T.R. & S.S. Co. v. Pecot*, 50 La. Ann. 737, 742-43, 23 So. 948, 950-51 (1898).

Pursuant to La. Const. art. VII, §18 (E), correctness challenges "shall be subject to review first by the parish governing authority, then by the [LTC] or its successor, and finally by the courts." As a result, the trial courts are only granted appellate jurisdiction in considering correctness challenges. *Gisclair*, 09-0007, p. 5, 16 So.3d at 1132, 1136; *ANR Pipeline Co. v. La. Tax Comm'n*, 02-1479, p. 6 (La. 7/2/03), 851 So.2d 1145, 1149-51. By contrast, legality challenges are to be filed directly with the trial court. *See* La. Const. art. VII, §3(A); *Bass P'ship v. Gravolet*, 12-0024, p. 17 (La. App. 4 Cir. 11/21/12), 105 So.3d 224, 234 (citing *Gisclair*, 09-0007, p. 5, 16 So.3d at 1136). Thus, the LTC has original jurisdiction over correctness challenges, while the district court has original jurisdiction over legality challenges. *ANR Pipeline Co.*, 02-1479, p. 6, 16 So.3d at 1149-51.

Additionally, a correctness challenge seeks "to correct a value, no matter how erroneous that value may allegedly be, but does not seek to annul the assessment in toto" or one that "seeks to correct some aspect of the assessment." *Riverwalk Marketplace*, 17-0968, p. 8, 243 So. 3d at 1076 (citing *Bass P'ship*, 12-0024, p. 18-19, 105 So.3d at 234). Conversely, "'[a] challenge to the validity of a

tax on exempt property is a challenge to the legality, not the correctness, of the tax.'" *Riverwalk Marketplace,* 17-0968, p. 9, 243 So.3d at 1076 (quoting *Triangle Marine, Inc. v. Savoie*, 95-2873, p. 6, (La. 10/15/96), 681 So.2d 937, 940); *See also* La. R.S. 47:2134(C)(1) (stating that "[a] person resisting the payment of an amount of *ad valorem* tax due or the enforcement of a provision of the *ad valorem* tax law and thereby intending to maintain a legality challenge shall timely pay the disputed amount due under protest").

At the hearing on the exceptions, the trial court found Plaintiffs' claims constituted a legality challenge because it determined that Plaintiffs' petition "attack[s]…the methodology as illegal and outside the statutory authority" and Plaintiffs sought to void the assessment. On this basis, the trial court denied the exceptions of lack of subject matter jurisdiction.

Defendants cite to *Gisclair* and *Westminster Mgmt. Corp. v. Mitchell*, 525 So.2d 1171 (La. App. 4 Cir. 1988) in support of their argument. In *Gisclair*, the tax assessor filed a petition seeking review of the LTC's 2007 tax assessment and valuation of public service properties belonging to Entergy. LTC and Entergy filed exceptions of lack of subject matter jurisdiction, arguing the trial court had no authority to review a challenge to the correctness of the LTC's determination. The trial court granted the exceptions and the appellate court reversed. The Louisiana Supreme Court granted writs and reinstated the trial court's judgment. The *Gisclair* Court found that the plaintiff's claim seeks an adjustment to the valuation of

9

properties and constitutes a correctness challenge over which the trial court lacks jurisdiction.

The Louisiana Supreme Court stated that "any challenge that seeks to correct a value, no matter how erroneous that value may allegedly be, but does not seek to annul the assessment in toto, is a correctness challenge under the law." *Gisclair*, 09-0007, p. 6, 16 So.3d at 1136. The Court in *Gisclair* reasoned that even when the assessments are so grossly excessive that "they are not the result of an exercise of judgment on the part of the assessors, as the law requires that an assessment should be, but merely of guesswork or caprice," they are still assessments and are intended to be such that "they are not annullable in toto" *Id.*, 09-0007, p. 7, 16 So.3d at 1137 (quoting *Orient Ins. Co. v. Board of Assessors*, 124 La. 872, 876, 50 So. 778, 780 (1909)).

As to whether plaintiff's claims sought to challenge the correctness of the assessment or the legality of it, the Court in *Gisclair* looked at the petition itself. It noted that the plaintiff's petition expressly stated that he was challenging "the *value* placed on Entergy's properties by the LTC," that he was challenging "the method the LTC used to arrive at *value*, and that his prayer is for the courts to correct that *value*." *Id.*, 09-0007, p. 9, 16 So.3d at 1138. In finding the plaintiff's claim sought an adjustment to the valuation of Entergy's properties and therefore concluded that the plaintiff's petition asserted a correctness challenge, the Louisiana Supreme Court reasoned:

> Significantly, the assessment itself is complained of and attacked for undervaluation. **The challenge does not seek to draw into question**

**the existence of any valid assessment or the constitutionality of the tax provisions** or LTC's administration of the provisions. Rather, according to the allegations of the petition a **valid assessment does exist which can be calculated with a proper application of valuation methodology**, techniques, and criteria; the LTC just rendered the wrong assessment by a misapplication of the various approaches for determining value and taxable value. Clearly, plaintiff does not seek to attack the assessment as having no legal existence; he simply seeks to adjust the assessment by an increase in valuation. *See Triangle Marine,* 95–2873 at p. 5, 681 So.2d at 940; *Soniat,* 146 La. at 457, 83 So. at 762. Any claim that leaves the assessment intact, but seeks to have the valuation adjusted, is a correctness challenge. *See Triangle Marine,* 95–2873 at p. 5. 681 So.2d at 940; *Soniat,* 146 La. at 457, 83 So. at 762; *Orient,* 124 La. at 876, 50 So. at 780; *Morgan's Louisiana,* 50 La. Ann. at 742–43, 23 So. at 951.

Moreover, despite the appellate court's holding to the contrary, the fact **that the valuation challenged in this case was premised on an allegedly erroneous application of methodology** as well as flawed criteria **does not turn this challenge into a legality challenge**. *See Orient,* 124 La. at 875–76, 50 So. 780. **To be a legality challenge, plaintiff must seek to void the assessment in toto, contesting the validity of the ad valorem tax itself, or challenge the constitutionality of the tax provisions or administration of the tax provisions**. *See id.: ANR Pipeline,* 02–1479 at pp. 5–6, 851 So.2d at 1149; *Triangle Marine,* 95–2873 at pp. 6–7, 681 So.2d at 941; *Morgan's Louisiana,* 50 La. Ann. at 743, 23 So. 950.

*Gisclair*, 09-0007, p. 9-10, 16 So.3d at 1138-39 (emphasis added).

Additionally, in *Westminster*, 525 So.2d at 1172, property owners filed an action claiming that their property was "not assessed on a uniform and equal basis relative to the assessment of property in the other six assessment districts." They claimed that "their property is assessed properly proportionate to fair market value, but that similar classes of property in the other assessment districts are assessed improperly because the assessments are proportionate to valuations which are below fair market value." *Id.*, 525 So.2d at 1172-73. The trial court denied a motion for summary judgment based on procedural exceptions. This Court

reversed, finding that the plaintiffs' claim constituted a correctness challenge. The Court reasoned, in part:

> Plaintiffs do not challenge the right of the State or any of its political subdivisions to obtain revenue by way of *ad valorem* taxation. **Plaintiffs do not question the methods of enforcement of *ad valorem* taxes. Plaintiffs complain that their assessments are unequal and not uniform relative to assessments of similar classes of property in adjacent assessment districts. Plaintiffs' complaint is a "correctness" challenge.**
>
> Plaintiffs argue that they are not challenging correctness—their assessments are correct, other assessments are incorrect, too low. **Plaintiffs argue that their challenge is of constitutional magnitude resulting from inequality and non-uniformity, invoking the due process and equal protection clauses of the state and federal constitutions**. We make no argument with plaintiffs' foundational principle that "if both the standard of true value and the uniformity and equality required by law cannot be achieved, equality and uniformity is preferred under the law." *Sioux City Bridge Company v. Dakota County, Neb.,* 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923); *Probst v. City of New Orleans,* 337 So.2d 1081 (La.1976); *Bussie v. Long,* 286 So.2d 689 (La. App. 1st Cir.1973), *writ denied,* 288 So.2d 354 (La. 1974). We find, however, that plaintiffs incorrectly construe this and other "constitutional" principles to argue that their challenge is not for "correctness." **"Correctness" includes both the standard of true value and the uniformity and equality required by law.** The achievement of both is the goal, the absence of either creates incorrectness. That uniformity and equality are given higher priority than true value does not make an attack on the former rather than the latter something other than a challenge for "correctness." [Emphasis added].

*Westminster*, 525 So. 2d at 1173.

Defendants argue that the trial court erred in denying their exception of lack of subject matter jurisdiction because Plaintiffs' petition challenges the correctness of the 2021 property assessments. Defendants allege that Plaintiffs do not claim their own assessments are incorrect, but rather that the assessments of some other taxpayers, owning commercial properties, are too low, and as a result Plaintiffs paid more in *ad valorem* taxes in 2021 than they would had those assessments of certain commercial properties been fixed at the higher, "allegedly correct" level.

Because Plaintiffs aver that the reduced assessments of commercial properties are inaccurate and do not seek to annul the assessments in toto, as stated in *Gisclair*, and because Plaintiffs attack the constitutionality of the assessments as violating the uniformity and equal protection clauses, as in *Westminster,* and do not attack the constitutionality of the statute itself, Plaintiffs' claims constitute correctness challenges.

In opposition, Plaintiffs contend that all three claims delineate radical defects in the 2021 assessments and constitute legality challenges. Plaintiffs aver that their first claim is a legality challenge because it alleges that Assessor Williams acted beyond his authority by abandoning the three types of appraisal approaches mandated under La. R.S. 47:2323 for calculating fair market value and thus void by radical defects. Further, Plaintiffs allege their second and third claims are legal challenges because the re-assessment policy unconstitutionally created a system that discriminated between similarly situated properties. Likewise, Plaintiffs assert that they need not challenge the constitutionality of a statute, as Defendants suggest, because the challenge of the constitutionality of the administration of an otherwise valid law can be a legality challenge.[5]

While Plaintiffs allege that Assessor Williams failed to use one of the statutorily required methodologies to assess properties and as a result he exceeded his authority, Plaintiffs do not seek to void the assessments in toto, as *Gisclair* requires in order to establish a legality challenge. Plaintiffs do not dispute that their property is taxable. Instead, Plaintiffs contest the measures Assessor Williams used to reach the assessments. They complain that "Assessor Williams

---

[5] *See Triangle Marine*, 95-2873, p. 6-7, 681 So.2d at 941 (recognizing legality challenges include not only those challenges to the validity of the ad valorem tax itself, but also to the constitutionality of the administration of the tax).

arbitrarily granted vastly reduced assessments to some types of commercial properties, while other similarly situated commercial properties and residential properties did not receive comparable treatment." Plaintiffs specifically allege that the amount of the assessments relating to their properties are overvalued and incorrect. Contrary to Plaintiffs' assertions, they do not claim that the taxes are void for radical defects in their petition. In fact, Plaintiffs' prayer for relief expressly requests that the 2021 tax bills be corrected and that Plaintiffs' taxes be reduced. Considering Plaintiffs dispute the value placed on commercial properties, we find their claims constitute a challenge to the correctness of the assessment; and thus, the trial court lacks jurisdiction over this dispute.

For these reasons, we find the trial court erred in denying the exceptions of lack of subject matter jurisdiction. We therefore reverse the trial court's judgment which denied the exceptions of lack of subject matter jurisdiction and dismiss with prejudice Plaintiffs' claims against Defendants.

### *Prescription*

Our reversal of the judgment on the exceptions of lack of subject matter jurisdiction results in the termination of Plaintiffs' action against Defendants. Therefore, we pretermit discussion of Plaintiffs' assigned errors relating to the exception of prescription. *See Whitney Nat. Bank of New Orleans v. Poydras Ctr. Assoc.*, 468 So.2d 1246, 1248 (La. App. 4th Cir. 1985) (recognizing that this Court is prohibited from issuing advisory opinions "from which no practical results can follow"); *Smith v. Infirmary*, *unpub.*, 18-1028, p. 12-13 (La. App. 4 Cir. 5/8/19), 2019 WL 2030983 at *12-13.

### ***DECREE***

We find the jurisprudence sufficiently clear in its guidance to conclude that the trial court erred when it denied Defendants' exceptions of lack of subject matter jurisdiction and concluded that the Plaintiffs' petition asserted a legality challenge. Plaintiffs do not dispute that their properties are taxable or seek to void the assessments in toto. Moreover, their petition specifically requests that their tax bills be corrected to reflect a reduction in what they owe. We find their claims constitute a challenge for correctness; consequently, the trial court does not have original jurisdiction over Plaintiffs' claims. Finally, because the trial court lacks subject matter jurisdiction, we pretermit discussion of the trial court's ruling on the exception of prescription. Accordingly, the trial court's judgment denying the exceptions of lack of subject matter jurisdiction is reversed, and Plaintiffs' claims are dismissed with prejudice.

**REVERSED AND RENDERED**